1998 ME 30

**Terrance WITHEE, et al.**

v.

**Clarence GARNETT, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 24, 1997.

Decided Feb. 12, 1998.

Michael A. Weirs, Hartland, for plaintiffs.

Schuyler G. Steele, Newport, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Clarence Garnett appeals from the judgment of the Superior Court (Somerset County, *Alexander, J.*) ordering the sale of property held as tenant in common. Garnett contends that the court should have ordered a physical partition instead. We affirm the judgment.

[¶ 2] Terrance and Christine Withee brought this action for equitable partition against various heirs of Dorothy and William Garnett. The Withees owned a 13/15 interest in the subject property pursuant to a deed from William Garnett's second wife. A number of Garnett family members shared in the remaining proportion of the property as heirs of Dorothy and William, and were named as defendants in this action. Each of the family members subsequently conveyed their interest to Clarence Garnett.[1] The Withees asked the court to order a sale of the property, which measures between two and two and one-half acres, with the proceeds to be divided proportionally among the parties. Clarence Garnett, who held a 19/150 interest in the property, objected to the sale of the property and asked the court to order a physical partition because he wished to keep a section of the lot in the Garnett family, even though he recognized that his portion of the lot would not meet the minimum lot size requirements of the Town of Detroit. The matter was submitted to the court on a stipulation together with written arguments of the parties. The court refused

---

1. One of the heirs, Heidi Garnett is a minor. Her mother purported to transfer her interest in the property to Clarence, but the parties agree that this conveyance was likely invalid. The issue on appeal is unaffected by this questionable transaction.

to "act to create a nonconforming lot, violative of local subdivision rules," and ordered the sale of the property.

[¶ 3] Garnett contends that the court should have ordered a physical partition of the land because he is willing to accept a lot with which he can do nothing and a physical partition of the land would leave the Withees with a fully conforming lot.

 [¶ 4] The trial court's equity power is broad and flexible, and is reviewed on appeal for an abuse of discretion. *See Littlefield v. Adler,* 676 A.2d 940, 942 (Me.1996). "The equity court will order sale and division of the proceeds where physical division is impractical or would materially injure the rights of the parties." *Libby v. Lorrain,* 430 A.2d 37, 39 (Me.1981). Equitable partition actions necessarily require a trial court to weigh the competing interests of common landowners. The court's decision to order a sale of the property over Garnett's objection clearly was within its discretion where, as here, a division of the property would result in the creation of an essentially worthless parcel approximately one-quarter the size of the town's one acre minimum lot size requirement.

The entry is:

Judgment affirmed.