STATE OF MAINE
CUMBERLAND, ss



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-07-179

REC-CuM-11/19/2007

BONNIE V. POLLI, in her capacity
as the personal representative of the
Estate of Pauline M. Vasile,
      Plaintiff and Counterclaim Defendant

v.

FRANK O. WARREN III and
DEBORAH V. WARREN,
      Defendants, Counterclaim Plaintiffs
      and Third Party Plaintiffs

v.

BONNIE V. POLLI, individually and
in her capacity as the personal representative
of the Estate of Pauline M. Vasile,
      Third Party Defendant

ORDER ON
MOTION TO AMEND
AND
MOTIONS TO DISMISS



Before the Court is Third Party Plaintiffs Frank and Deborah Warren's Motion to Amend their Third Party Complaint. Also before the Court are Counterclaim Defendant/Third Party Defendant Bonnie V. Polli's Motions to Dismiss the Counterclaims and the Third Party Complaint.

## PROCEDURAL BACKGROUND

Plaintiff Bonnie V. Polli ("Polli"), in her capacity as the personal representative of the Estate of Pauline M. Vasile ("Vasile"), filed a Complaint for foreclosure and sale of property located at Oceanwood Drive, Scarborough, Maine against mortgagors Frank Warren III ("Mr. Warren") and Deborah Warren ("Mrs. Warren") (collectively, the "Warrens") in Portland District Court

on April 11, 2007.[1] The Warrens answered the Complaint on June 28, 2007, the same date on which they removed this action from the District Court to the Superior Court. In addition to their Answer, the Warrens have also asserted four counterclaims against Polli in her capacity as personal representative: breach of fiduciary duty, conversion, breach of the duty to inform and account to beneficiaries, and an action for accounting. On July 12, 2007, Polli, in her capacity as personal representative, moved to dismiss the Warrens' four counterclaims. On July 27, 2007, the Warrens filed a Third Party Complaint against Polli both individually and in her capacity as personal representative. This Third Party Complaint asserts ten counts against Polli: request for declaratory judgment concerning ownership of certain property, request for partition of certain property, breach of fiduciary duty, breach of the duty to inform and account to beneficiaries, unjust enrichment, action for accounting, defamation, slander per se, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Currently pending before the Court is the Warrens' Motion to Amend their Third Party Complaint to recharacterize the original count for slander per se to libel and slander per se and to add a paragraph naming certain individuals to whom Polli allegedly published her defamatory remarks concerning the Warrens. Also pending before the Court is Polli's Motion to Dismiss the Warrens' Counterclaims and Polli's Motion to Dismiss the Third Party Complaint.

---

[1] Citizens Bank of New Hampshire was also named as a party-in-interest in this Complaint.

2

## FACTS

Polli and Mrs. Warren are sisters and the daughters of Vasile, who died on March 5, 2005. In her Will, Vasile named Polli as her personal representative. Pursuant to the terms of Vasile's Will, Polli, in her individual capacity, and Mrs. Warren received real property located on Vesper Street in Scarborough, Maine (the "Vesper Street property") as tenants in common. The property was conveyed from the Estate to Polli and Mrs. Warren in a deed dated June 27, 2006, which was recorded in the Cumberland County Registry of Deeds. The Warrens claim that Polli permitted her daughter and others to use and occupy the Vesper Street property without Mrs. Warren's consent and without paying to Mrs. Warren any rent or other income derived from such use both before and after the June 2006 conveyance. To date, Polli and Mrs. Warren have been unable to reach an agreement concerning the sale of the Vesper Street property.

In 1987, Mr. Warren and Mark Polli executed a promissory note to Vasile in the amount of $164,400.00. This promissory note was secured by a mortgage on real property owned by the Warrens located on Oceanwood Drive in Scarborough, Maine (the "Oceanwood Drive property"). In 1989, Mrs. Warren was substituted for Mark Polli on the note and mortgage. Polli alleges that the Warrens have failed to make any payments pursuant to the note since May 1995 and brought a foreclosure action in April 2007. The Warrens deny that they have defaulted on their payments.

The Warrens allege that Polli has misused her position as personal representative of the Estate to bring the foreclosure action against the Warrens and has failed and refused to distribute Mrs. Warren's remaining interest in the assets of the Estate in order to gain leverage against Mrs. Warren in the

3

negotiations concerning the sale of the Vesper Street property. The Warrens further maintain that Polli has mismanaged the Estate by refusing to provide monthly statements or an accounting concerning the Estate to the Warrens and other beneficiaries.

On May 14, 2007, after the foreclosure Complaint had been filed, Polli sent a letter to Benjamin Marcus, counsel for the Warrens. In this letter, Polli made several statements regarding the Warrens, including stating that the Warrens

> are very desperate for money...There is so very much you don't know about them and their past. There is a reason why he is no longer a surgeon and now makes sub sandwiches, and why neither of them can ever work at Eliot Hospital in Manchester, NH. I could give you the names of at least a dozen people who would tell you that both she and her husband need psychological help and will do anything for money. Frank Frye and Leo LaPlante have seen the venom and vinegar in Debbie and attorney Ed Heisler has seen it in both of them...She [Mrs. Warren] needs mental help!

## DISCUSSION

### I. The Warrens' Motion to Amend their Third Party Complaint

The Warrens filed a Motion to Amend their Third Party Complaint on September 26, 2007. Polli had twenty-one days from this date to oppose the Motion to Amend. Polli failed to do so. Accordingly, the Warrens' Motion to Amend their Third Party Complaint is granted.

### II. Polli's Motions to Dismiss

A motion to dismiss tests the legal sufficiency of a complaint. *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992). On a motion to dismiss, a court must view the facts alleged in the complaint as if they were admitted. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213. A court then examines the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would

4

entitle the plaintiff to relief pursuant to some legal theory. *Id.* ¶ 10, 871 A.2d at 1213-14. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994), quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985).

The Court first addresses Polli's argument that the Third Party Complaint should be dismissed because it does not comply with M.R. Civ. P. 7(a) because it does not name a third-party plaintiff or defendant. Polli filed the original Complaint for foreclosure in her capacity as personal representative of Vasile's Estate. The Warrens answered this Complaint and asserted several counterclaims. Thereafter, the Warrens, as Third Party Plaintiffs, filed the Third Party Complaint at issue here against Polli in her capacity as personal representative *and* in her individual capacity. Thus, the Warrens have properly named a third-party defendant (namely, Polli individually) and the Court refuses to grant Polli's Motion to Dismiss on the basis of M.R. Civ. P. 7(a).

Polli also argues that her Motion to Dismiss the Warrens' Counterclaims should be granted because three of the four counterclaims are the same as three of the counts alleged against her in the Third Party Complaint.[2] While the Court notes that the proper procedure would have been for the Warrens to assert all their claims against Polli in her representative capacity as counterclaims and all their claims against Polli individually in the Third Party Complaint, the Court

---

[2] The three counts at issue are breach of fiduciary duty (Counterclaim I / Third Party Complaint Count III); breach of the duty to inform and account to beneficiaries (Counterclaim III / Third Party Complaint Count IV); and an action for accounting of Estate assets (Counterclaim IV / Third Party Complaint Count VI). The counterclaims are solely against Polli in her capacity as personal representative. The counts in the Third Party Complaint are against Polli both individually and in her representative capacity.

5

refuses to dismiss the Warren's Counterclaims simply because certain counts are realleged in the Third Party Complaint. Instead, the Court treats the claims as if they had been pled properly and rules on each as set forth below.

### A. Third Party Complaint Count I: Request for Declaratory Judgment and Third Party Complaint Count II: Partition

In Count I of their Third Party Complaint, the Warrens seek a declaratory judgment setting forth the legal rights and interests of the parties relating to the Vesper Street property. Specifically, the Warrens ask that this Court declare Mrs. Warren to be the owner of an undivided one-half interest in the property. In Count II of their Third Party Complaint, the Warrens ask that the Court order a partition of the Vesper Street property.

As the Warrens concede that Polli in her capacity as personal representative is not the proper defendant on Third Party Complaint Count I and Count II, the Court grants Polli's Motion to Dismiss Counts I and II against her in capacity as personal representative. Opposition to Third Party Defendant Bonnie V. Polli's Motion to Dismiss, page 6 n. 1 ("The Warrens concede that Ms. Polli in her individual capacity is the proper defendant on Counts I and II of the Third Party Complaint..."). The Warrens also do not oppose Polli's argument that Mr. Warren has no interest in the Vesper Street property and therefore does not have standing with respect to Third Party Complaint Counts I and II. Accordingly, the Court grants Polli's Motion to Dismiss Third Party Complaint Counts I and II brought against her by Mr. Warren.

Polli further argues that Third Party Complaint Count I should be dismissed because Mrs. Warren has failed to plead an actual controversy entitling her to declaratory judgment. However, taking the facts alleged in the

6

Third Party Complaint as true, as the Court must do in the context of a motion to dismiss, it is clear that the parties do in fact disagree as to their rights with respect to the Vesper Street property, particularly relating to the collection and division of any potential rent or income derived from the property. Polli's only objection to Third Party Complaint Count II as brought by Mrs. Warren is that it can only be brought against her in her individual capacity. As stated above, the Court grants Polli's Motion to Dismiss Third Party Complaint Counts I and II against her in her representative capacity.

Therefore, Polli's Motion to Dismiss Counts I and II of the Third Party Complaint brought against her by Mr. Warren and brought against her in her capacity as personal representative is granted. Polli's Motion to Dismiss Third Party Complaint Counts I and II against her in her individual capacity by Mrs. Warren is denied. In sum, Counts I and II of the Third Party Complaint as brought by Mrs. Warren against Polli in her individual capacity are to go forward on the merits.

B. **Counterclaim I/Third Party Complaint Count III: Breach of Fiduciary Duty and Counterclaim III/Third Party Complaint Count IV: Breach of Duty to Inform and Account to Beneficiaries**

In Counterclaim I and in Count III of their Third Party Complaint, the Warrens allege that Polli misappropriated and mismanaged Estate assets in violation of the fiduciary duty she owed to them as personal representative of the Estate. In Counterclaim III and Third Party Complaint Count IV, the Warrens allege that Polli had a duty as personal representative to keep them informed of the Estate and its administration and that she breached this duty.

Mr. Warren has not alleged that he is a beneficiary of the Estate. Therefore, Mr. Warren is not an interested person in the Estate and has no standing with respect to Estate matters. Thus, Counterclaims I and III and Third Party Complaint Counts III and IV as brought by him against Polli are dismissed.

Without citing any legal authority for the proposition, Polli argues that Third Party Complaint Counts III and IV "are not counts that can be brought against Ms. Polli in her individual capacity." Third Party Defendant's Motion to Dismiss with Incorporated Memorandum of Law, page 4. To the contrary, the Law Court has expressly held that a personal representative can be *personally* liable for abuse of his fiduciary duties. *See Estate of Whitlock*, 615 A.2d 1173, 1178 (Me. 1992). Accordingly, Polli's Motion to Dismiss Third Party Complaint Counts III and IV against her in her individual capacity by Mrs. Warren is denied.

Polli's sole argument in support of her Motion to Dismiss Third Party Complaint Counts III and IV as brought by Mrs. Warren against her in her representative capacity is that Mrs. Warren had already asserted these breaches in her counterclaims to Polli's foreclosure Complaint and Mrs. Warren failed to oppose Polli's Motion to Dismiss the Counterclaims. In fact, Mrs. Warren did file a timely opposition to Polli's Motion to Dismiss the Counterclaims.[3] As such, and as the Court finds that Mrs. Warren has set forth elements of a cause of action that may entitle her to relief, the Court denies Polli's Motions to Dismiss Mrs. Warren's Counterclaims I and III and Third Party Complaint Counts III and

---

[3] Polli's Motion to Dismiss the counterclaims was filed on July 12, 2007. The Warrens filed an Opposition to Counterclaim Defendant Bonnie V. Polli's Motion to Dismiss on July 31, 2007.

8

IV against her in both her individual capacity and her capacity as personal representative.

### C.    Counterclaim II: Conversion

In their Counterclaims against Polli, the Warrens allege that Polli wrongfully misappropriated, converted, took and conveyed Estate assets.

As Mr. Warren has not alleged that he is a beneficiary of the Estate and is therefore not a person interested in the Estate, Polli's Motion to Dismiss Counterclaim II as brought by Mr. Warren is granted. Polli's Motion to Dismiss Counterclaim II as brought by Mrs. Warren, however, is denied as Mrs. Warren has alleged facts that, if true, may entitle her to recovery on the theory of conversion.

### D.    Third Party Complaint Count V: Unjust Enrichment

In Count V of their Third Party Complaint, the Warrens claim that Polli has been unjustly enriched to the detriment of the Warrens by her actions allowing her daughter and others to occupy and use the Vesper Street property without charging rent or receiving any type of income in return. The Warrens claim that Polli's actions in this regard occurred both before and after the June 27, 2006 conveyance of the Vesper Street property to Polli individually and Mrs. Warren as tenants in common.

As Mr. Warren has not pled that he has an interest in the Vesper Street property or that he is a person interested in the Estate, this Court grants Polli's Motion to Dismiss Third Party Complaint Count V against her by Mr. Warren.

Polli argues that Mrs. Warren's unjust enrichment claim against her should be dismissed because Mrs. Warren did not explicitly allege that Polli

9

excluded her from using the property. Polli argues that, as a co-tenant, she had the right to permit her daughter to stay at the Vesper Street property rent-free without Mrs. Warren's consent. Polli's only obligation to Mrs. Warren would have been to share profits received from rental income if rent had in fact been collected. However, in light of the Law Court's statement that "[a] dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim,'" *McAfee*, 637 A.2d at 465, quoting *Hall*, 498 A.2d at 266, this Court must deny Polli's Motion to Dismiss as Mrs. Warren may be able to prove that Polli was unjustly enriched, both individually and in her capacity as personal representative, because Mrs. Warren may in fact have been excluded from use of the Vesper Street property.

### E. Counterclaim IV/Third Party Complaint Count VI: Action for Accounting

The Warrens also bring an action for accounting against Polli. As Mr. Warren has not alleged that he is a person interested in the Estate nor has he alleged that he has an interest in the Vesper Street property, he has no standing to bring this cause of action and the Court grants Polli's Motions to Dismiss Mr. Warren's action for accounting against her. Polli also argues that Mrs. Warren's action for accounting should be dismissed because only the Probate Court has jurisdiction to order an accounting of Estate assets and because Polli has no ongoing duty to inform or account.

The Court makes no decision regarding Polli's claim that she has no ongoing duty to inform and account. However, the Court agrees with Polli that

Mrs. Warren's action for an accounting of Estate assets is not properly before this Court pursuant to 18 M.R.S.A. § 3-105. That statute states in relevant part:

> § 3-105.   Proceedings affecting devolution and administration; jurisdiction of subject matter
>
> * * *
>
> The court has exclusive jurisdiction of informal and formal proceedings to determine how decedents' estates subject to the laws of this State are to be administered, expended and distributed. The court has concurrent jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate, and of any action or proceeding in which property is distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

Thus, by the plain language of the statute, the Probate Court alone has jurisdiction over proceedings to determine how estates are to be administered, expended and distributed. Black's Law Dictionary defines an "accounting" as "a rendition of an account," which is "a detailed statement of the debits and credits between parties to a contract or to a fiduciary relationship." Black's Law Dictionary 7, 8 (2nd Pocket Edition 1996). Black's Law Dictionary continues, "The term frequently refers to the report of all items of property, income, and expenses prepared by a personal representative, trustee or guardian and given to heirs, beneficiaries, and the probate court." Id. at 8. This definition clearly shows that an accounting relates to expenditures and distributions and, therefore, the Probate Court has exclusive jurisdiction and Polli's Motion to Dismiss Counterclaim IV and Third Party Complaint Count VI against her in her representative capacity is granted as to the accounting of Estate assets.

11

Polli's Motion to Dismiss Third Party Complaint Count VI against her in her individual capacity, however, is denied. On June 27, 2006, the Vesper Street property was distributed to Polli, individually, and Mrs. Warren as tenants in common. It is solely on the basis of this tenancy in common, and not Polli's position as personal representative of the Estate of Vasile, that the Court denies Polli's Motion to Dismiss Third Party Complaint Count VI against her in her individual capacity with respect to an accounting of the Vesper Street property from June 27, 2006 onward.

F. **Third Party Complaint Count VII: Defamation, Third Party Complaint Count VIII: Libel and Slander Per Se, Third Party Complaint Count IX: Intentional Infliction of Emotional Distress and Third Party Complaint Count X: Negligent Infliction of Emotional Distress**

Third Party Complaint Counts VII (defamation) and VIII (libel and slander per se) both relate to statements Polli made about Mr. and Mrs. Warren in her May 14, 2007 letter to Benjamin Marcus. Polli argues that the Warrens have failed to plead an actionable publication because the letter was sent only to Attorney Marcus, counsel for the Warrens. Polli cites several cases from other jurisdictions in which courts have held that a communication to opposing counsel is not a publication for defamation purposes because it is the equivalent to communicating directly to the plaintiff. Polli admits, however, that Maine has never decided this issue. Even if Maine were to adopt this rule of law, the Warrens have pled facts that, if proven true, may remove the May 14, 2007 letter from this rule.[4] This Court also rejects Polli's argument that her statements in the

---

[4] Specifically, the Warrens argue that Polli was not communicating with Attorney Marcus in the normal course and, thus, the fact that Attorney Marcus represented the Warrens may be of no effect.

12

letter were solely expressing her subjective view and therefore are not actionable. Accordingly, Polli's Motion to Dismiss Third Party Complaint Counts VII and VIII is denied.

Counts IX and X of the Third Party Complaint are claims for emotional distress, both intentionally and negligently inflicted, stemming from Polli's alleged mismanagement of the Estate, her misuse of her position as personal representative and her allegedly defamatory statements. While offering no opinion as to the merits of these arguments, the Court finds that such claims have been sufficiently pled to survive Polli's Motion to Dismiss. Therefore, Polli's Motion to Dismiss Third Party Complaint Counts IX and X is denied.

Therefore, the entry is:

> Third Party Plaintiffs Frank and Deborah Warren's Motion to Amend their Third Party Complaint is GRANTED.

> Third Party Defendant Bonnie Polli's Motion to Dismiss the Third Party Complaint pursuant to M.R. Civ. P. 7(a) is DENIED.

> Third Party Defendant Bonnie Polli's Motion to Dismiss the Counterclaims as redundant is DENIED.

> Third Party Defendant Bonnie Polli's Motion to Dismiss Counts I (declaratory judgment) and II (partition) of the Third Party Complaint is GRANTED IN PART and DENIED IN PART. Third Party Complaint Counts I and II brought by Frank Warren and brought against Polli in her individual capacity are dismissed. Third Party Complaint Counts I and II brought by Deborah Warren against Polli individually are to proceed on the merits.

> Counterclaim Defendant/Third Party Defendant Bonnie Polli's Motions to Dismiss Counterclaim I/Third Party Complaint Count III (breach of fiduciary duty) and Counterclaim III/Third Party Complaint Count IV (breach of duty to inform and account) is GRANTED IN PART and DENIED IN PART. Counterclaim I/Third Party Complaint Count III and Counterclaim III/Third Party Complaint Count IV as brought by Frank Warren are dismissed. Counterclaim I/Third Party Complaint Count III and

13

Counterclaim III/Third Party Complaint Count IV as brought by Deborah Warren are to proceed on the merits.

Counterclaim Defendant Bonnie Polli's Motion to Dismiss Counterclaim II (conversion) is GRANTED IN PART and DENIED IN PART. Counterclaim II as brought by Frank Warren is dismissed. Counterclaim II as brought by Deborah Warren is to proceed on the merits.

Third Party Defendant Bonnie Polli's Motion to Dismiss Count V (unjust enrichment) of the Third Party Complaint is GRANTED IN PART and DENIED IN PART. Third Party Complaint Count V as brought by Frank Warren is dismissed. Third Party Complaint Count V as brought by Deborah Warren is to proceed on the merits.

Counterclaim Defendant/Third Party Defendant Bonnie Polli's Motions to Dismiss Counterclaim IV/Third Party Complaint Count VI (action for accounting) is GRANTED IN PART and DENIED IN PART. Counterclaim IV/Third Party Complaint Count VI as brought by Frank Warren is dismissed. Counterclaim IV as brought by Deborah Warren is dismissed. Third Party Complaint Count VI as brought by Deborah Warren is to proceed on the merits.

Third Party Defendant Bonnie Polli's Motion to Dismiss Counts VII (defamation), VIII (libel and slander per se), IX (intentional infliction of emotional distress) and X (negligent infliction of emotional distress) of the Third Party Complaint is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _19th_ day of _November_, 2007.

Robert E. Crowley
Justice, Superior Court

14

BONNIE V POLLI PR  - PLAINTIFF
7 WOODVIEW DRIVE
SCARBOROUGH ME 04070
Attorney for: BONNIE V POLLI PR

JENSEN BAIRD ET AL
11 MAIN STREET
SUITE 4
KENNEBUNK ME 04043

Attorney for: BONNIE V POLLI PR
BRENDAN RIELLY  - RETAINED 07/13/2007
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

ESTATE OF PAULINE M VASILE - PLAINTIFF

Attorney for: ESTATE OF PAULINE M VASILE
BRENDAN RIELLY  - RETAINED 07/13/2007
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


VS
FRANK O WARREN III - DEFENDANT
49 BUTTONWOOD ROAD
BEDFORD NH 03110
Attorney for: FRANK O WARREN III
BRIAN D WILLING  - RETAINED 06/28/2007
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

DEBORAH V WARREN  - DEFENDANT
49 BUTTONWOOD ROAD
BEDFORD NH 03110
Attorney for: DEBORAH V WARREN
BRIAN D WILLING  - RETAINED 06/28/2007
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

CITIZENS BANK OF NEW HAMPSHIRE - PARTIES IN INTEREST

Attorney for: CITIZENS BANK OF NEW HAMPSHIRE
JAMES AUDIFFRED  - RETAINED 08/13/2007
LAW OFFICE OF JAMES L AUDIFFRED
374 MAIN STREET
PO BOX 1005
SACO ME 04072

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-RE-2007-00179

**DOCKET RECORD**

ESTATE OF PAULINE M VASILE - THIRD PARTY DEFENDANT


Attorney for: ESTATE OF PAULINE M VASILE
ELIZABETH STOUDER  - RETAINED 08/24/2007
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


BONNIE V POLLI AND INDIV  - PERSONAL REPRESENTATIVE


Attorney for: BONNIE V POLLI AND INDIV
ELIZABETH STOUDER  - RETAINED 08/24/2007
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545



Filing Document: COMPLAINT                    Minor Case Type: FORECLOSURE
Filing Date: 04/11/2007

## Docket Events:
07/03/2007 TRANSFER - REMOVAL TO SUPERIOR COURT EDI ON 07/03/2007 @ 18:01
           TRANSFERRED CASE: SENDING COURT CASEID PORDCRE200700106

           FILING DOCUMENT - COMPLAINT FILED ON 04/11/2007

           ATTORNEY - RETAINED ENTERED ON 04/11/2007

           CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 04/12/2007
           RICHARD  TEMPLETON , ASSOCIATE CLERK
           Plaintiff's Attorney:  DAVID J JONES

           Party(s):  CITIZENS BANK OF NEW HAMPSHIRE
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/10/2007
           ANTOINETTE  DEMARCO , ADMINISTRATIVE CLERK
           Plaintiff's Attorney:  DAVID J JONES

           Party(s):  CITIZENS BANK OF NEW HAMPSHIRE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/03/2007

           Party(s):  BONNIE V POLLI PR
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 05/10/2007
           ANTOINETTE  DEMARCO , ADMINISTRATIVE CLERK
           Plaintiff's Attorney:  DAVID J JONES

           Party(s):  BONNIE V POLLI PR
           MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 05/30/2007
           RICHARD  TEMPLETON , ASSOCIATE CLERK
           Plaintiff's Attorney:  DAVID J JONES

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. RE-07-179

BONNIE V. POLLI, in her capacity
as the personal representative of the
Estate of Pauline M. Vasile,
            Plaintiff and Counterclaim Defendant

v.

FRANK O. WARREN III and
DEBORAH V. WARREN,                                      ORDER ON ALL
            Defendants, Counterclaim Plaintiffs         PENDING MOTIONS
            and Third-Party Plaintiffs

v.

BONNIE V. POLLI, individually and
in her capacity as the personal representative
of the Estate of Pauline M. Vasile,
            Third-Party Defendant


Before the Court is Plaintiff Bonnie Polli's Motion for Summary Judgment

on her foreclosure Complaint; Third-Party Plaintiff Deborah Warren's Cross

Motion for Summary Judgment on Counts I and II of her Third-Party Complaint;

Third-Party Defendant Bonnie Polli's Motion to Bifurcate Third-Party Complaint

Counts I and II; and Plaintiff Bonnie Polli's Motion to Strike.

## PROCEDURAL BACKGROUND

Plaintiff Bonnie Polli ("Polli"), in her capacity as the personal

representative of the Estate of Pauline M. Vasile ("Vasile"), filed a Complaint for

foreclosure and sale of property located at Oceanwood Drive, Scarborough,

Maine ("Oceanwood Drive property") against mortgagors Frank Warren III

("Mr. Warren") and Deborah Warren ("Mrs. Warren") (collectively, the

"Warrens") in Portland District Court on April 11, 2007.[1] The Warrens answered the Complaint on June 28, 2007, the same date on which they removed this action from the District Court to the Superior Court. As of November 1, 2007, Polli claims that the amount due on the note relating to the Oceanwood Drive property is $346,568.23. The Warrens have asserted four counterclaims against Polli in her capacity as personal representative: breach of fiduciary duty; conversion; breach of the duty to inform and account to beneficiaries; and an action for accounting. On July 27, 2007, the Warrens filed a Third-Party Complaint against Polli that included, inter alia, a Count for declaratory judgment and a Count for partition, both relating to property located on Vesper Street in Scarborough, Maine that is owned by Polli (individually) and Mrs. Warren as tenants in common.

## FACTS

Polli and Mrs. Warren are sisters and the daughters of Vasile, who died on March 5, 2005. In her Will, Vasile named Polli as her personal representative. Pursuant to the terms of Vasile's Will, Polli, in her individual capacity, and Mrs. Warren received real property located on Vesper Street in Scarborough, Maine as tenants in common. The property was conveyed from the Estate to Polli and Mrs. Warren in a deed dated June 27, 2006, which was recorded in the Cumberland County Registry of Deeds. To date, Polli and Mrs. Warren have been unable to reach an agreement concerning the sale of the Vesper Street property.

---

[1] Citizens Bank of New Hampshire was also named as a party-in-interest in this Complaint.

2

In 1987, Mr. Warren and Mark Polli executed a promissory note to Vasile in the amount of $164,400.00. This promissory note was secured by a mortgage on real property owned by the Warrens located on Oceanwood Drive in Scarborough, Maine (the "Oceanwood Drive property"). In 1989, Mrs. Warren was substituted for Mark Polli on the note and mortgage. Polli alleges that the Warrens have failed to make any payments pursuant to the note since May 1995 and brought a foreclosure action in April 2007 in her capacity as personal representative of Vasile's Estate.

The Warrens assert that they owe no debt relating to the note because Vasile intended to discharge the note. Moreover, the Warrens argue, they are entitled to offset any amount that they may be found to owe on the note with Mrs. Warren's interest in the Estate. For these, and other, reasons, the Warrens argue that judgment of foreclosure is not appropriate.

## DISCUSSION

### I.   MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. "A court may properly enter judgment in a case when the parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). A genuine issue of material fact exists "when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the

3

outcome of the suit." *Id.* An issue is genuine if "there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. If ambiguities exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

## A.    POLLI'S FORECLOSURE COUNT

Polli, in her capacity as personal representative of the Vasile Estate, seeks summary judgment on her Complaint to foreclose on the Oceanwood Drive property on the basis that the Warrens have failed to make payments pursuant to the promissory note. The Warrens make three primary arguments in opposition to Polli's Motion: first, that no debt is owed to the Estate because Vasile intended to forgive the note; second, that Polli's Motion for Summary Judgment must be denied because it is entangled with various other claims between the parties; and, finally, that even if the Warrens do owe on the note, Mrs. Warren's interest in the Estate must be used to set off the debt pursuant to 18-A M.R.S.A. § 3-903 (2007). The Court will address each of these arguments in turn.

The Court rejects the Warrens' argument that they owe no amount on the note because Vasile "had intended to gift the [Oceanwood Drive property] to the Warrens." Defendants' Opposition to Motion for Summary Judgment, page 6. There is no dispute that Vasile did not devise the Oceanwood Drive property to the Warrens via her Will. Thus, no testamentary gift was made and this Court must turn to the question of whether an inter vivos gift was made. It is axiomatic that for an inter vivos gift to be valid, three requirements must be met: donative intent, delivery and acceptance. Restatement (Second) of Property § 31.1 (1992); *Brackett v. Larrivee*, 562 A.2d 138, 139 (Me. 1989). While there is some question

4

about whether Vasile had the requisite donative intent, the Court need not attempt to answer this question as it is clear on the undisputed facts that no delivery was ever accomplished. Indeed, the Warrens do not allege and the evidence does not show that Vasile ever discharged or released the note or the mortgage deed filed in the Cumberland County Registry of Deeds. Nor was a gift tax form ever filed relating to the Oceanwood Drive property. While it is true that Vasile never attempted to collect on the note for approximately ten years, she also never took steps to forgive the note or release the mortgage, which she could have done either while alive or via her Will. For all of these reasons, this Court rejects the Warrens' argument that they have no obligation under the note because Vasile intended to gift the Oceanwood Drive property to them.

The Court also rejects the Warrens' argument that Polli's Motion for Summary Judgment on the foreclosure count should be denied because this count is entangled with counterclaims that have not yet been resolved. The Warrens rely exclusively on *Wells Fargo Home Mortgage, Inc. v. Spaulding*, 2007 ME 116, 930 A.2d 1025, in support of this argument. In *Wells Fargo*, the bank moved for summary judgment to foreclose on the defendants' house; the defendants opposed this motion on the basis that the parties had executed a loan modification agreement that eliminated the bank's right to foreclose. *Wells Fargo*, 2007 ME 116, 930 A.2d 1025. In reversing the trial court's grant of the bank's motion for summary judgment, the Law Court held that "the factual and legal entanglement of the adjudicated and unadjudicated claims in the complaint and the counterclaim render the certification problematic in this case. [The bank's] complaint requesting a judgment of foreclosure is directly challenged by the

[defendants'] nine-count counterclaim." *Id.* ¶ 15, 930 A.2d at 1029. The Warrens have asserted various counterclaims against Polli in the instant case, but none is a counterclaim akin to that at issue in *Wells Fargo* because success on any one would not be sufficient to defeat foreclosure. As such, the Court rejects the Warrens' entanglement argument.

The Warrens' final argument is that any debt they owe on the note must be offset by Mrs. Warren's interest in the Estate as required by 18-A M.R.S.A. § 3-903, which states *in toto*:

> The amount of a noncontingent indebtedness of a successor to the estate if due, or its present value if not due, shall be offset against the successor's interest; but the successor has the benefit of any defense which would be available to him in a direct proceeding for recovery of the debt. Such debt constitutes a lien on the successor's interest in favor of the estate, having priority over any attachment or transfer of the interest by the successor.

The Court disagrees with the Warrens' interpretation of § 3-903 as granting them a right to demand an offset. Indeed, § 3-903 states only that an estate has a right of retainer; it says nothing about the right of the indebted successor to demand that an estate exercise this right of retainer. As such, the Court declines to deny Polli's Motion for Summary Judgment on the foreclosure Complaint on the basis of § 3-903.

While the Court declines to deny summary judgment and therefore enters judgment for Polli on her Complaint for foreclosure, it does not issue an order pursuant to M.R. Civ. P. 54(b) to certify this judgment as final. Maine Rule of Civil Procedure 54(b)(1) provides:

> [W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is

6

no just reason for delay and upon an express direction for the entry of judgment.

There is just reason for delay in the instant case. Indeed, there have been various allegations of bad faith and improper actions by Polli, whose actions as personal representative are charged to the Estate. While these alleged actions are not sufficient to deny summary judgment based on an entanglement argument (see reasoning *supra*), they are sufficient to refuse to certify the foreclosure judgment as final.

## B. MRS. WARREN'S COUNTS I AND II OF THIRD-PARTY COMPLAINT

Mrs. Warren moves for summary judgment on Counts I (declaratory judgment) and II (partition and sale) of her Third-Party Complaint asserted against Polli individually. These Counts relate to the Vesper Street property, which was conveyed from the Estate to Mrs. Warren and Polli individually as tenants in common in June 2006. Both parties agree that physical partition of the property is impossible. Polli argues that factual disputes remain as to Mrs. Warren's share of any proceeds in light of the fact that Polli asserts that she alone has paid certain costs, expenses and taxes relating to the Vesper Street property. However, Polli does not argue that partition is inappropriate. To the contrary, Polli asks the Court to order partition by buy-out or auction in particular.

"Statutory partition may be carried out only by physical division of the jointly owned real estate." *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981); 14 M.R.S.A. §§ 6501 et seq. (2007). Thus, this Court must invoke its equity jurisdiction in order to require a partition by sale of the Vesper Street property. The Superior Court's equity power is "broad and flexible." *Withee v. Garnett*, 1998 ME 30, ¶ 4, 705 A.2d 1119, 1120. By statute, the Superior Court can grant

7

equitable relief "in cases...between...part owners...of []real and personal property." 14 M.R.S.A. § 6051(7) (2007). This statutory grant of equity power also extends to "all other cases where there is not a plain, adequate and complete remedy at law." 14 M.R.S.A. § 6051(13). The *Libby* court described equitable partition: "[it] is more flexible in its procedure than 'partition by petition' and is not limited to a physical division and may be carried out by sale, as statutory partition may not be, and is free of any special and restrictive procedures laid down by statute." *Libby*, 430 A.2d at 39. In sum, the *Libby* court held, "[t]he equity court will order sale and division of the proceeds where physical division is impractical or would materially injure the rights of the parties." *Id.*

The Law Court in *Libby* also stated that the trial court had various options as to how the partition by sale should be conducted. *Id.* at 39-40. One option is to permit one part owner to retain the property in return for paying the other co-owner the value of his share (termed by the *Libby* court as a "partition by buy-out"). *Id.* A second option, and the option employed by the trial court and affirmed by the Law Court in *Libby*, was to order the sale of the real estate and distribution of the net proceeds to the joint owners. *Id.* at 38, 40.

In light of the Court's equity powers and the express desire of both Polli and Mrs. Warren to sever their co-ownership of the Vesper Street property immediately, the Court grants Mrs. Warren's Cross Motion for Summary Judgment on Counts I and II of the Third-Party Complaint. The Court orders that the parties confer and submit a plan to the Court detailing how the property should be partitioned within seven (7) days of the date of this Order. If the parties fail to agree on a plan, the Court orders that each party submit its own proposal for how to partition the property within fourteen (14) days of the date

8

of this Order. If the Court does not accept either of these plans, a receiver will be appointed to conduct the partition of the Vesper Street property. Any claims by either party for unequal distribution can be made against the proceeds of the disposition of the property.

## II. MOTION TO BIFURCATE

Subsequent to Mrs. Warren filing her Cross Motion for Summary Judgment on Counts I and II of the Third-Party Complaint, Polli filed a Motion to Bifurcate Counts I and II and asked the Court to schedule a bench trial relating to the partition of the Vesper Street property. As the Court grants Mrs. Warren's Cross Motion for Summary Judgment, Polli's Motion to Bifurcate is moot. The parties are to proceed with respect to the Vesper Street property as set forth *supra* in Section I.B of this Order. To the extent this Motion to Bifurcate meant to address claims for expenses paid relating to the property, such claims can be asserted against the proceeds from the sale of the property as discussed in section I.B *supra*.

## III. MOTION TO STRIKE

On March 17, 2008, Polli moved to strike paragraphs 26 through 35 of the Warrens' Opposing Statement of Material Facts (filed in opposition to Polli's Motion for Summary Judgment on the foreclosure count) on the basis that the evidence contained in those paragraphs is prohibited under Maine Rule of Evidence 408, which governs compromises and offers to compromise. Motions to strike an assertion contained in a statement of material facts are expressly prohibited by M.R. Civ. P. 56(i) (entitled "Motions to Strike Not Permitted"). Rule 56(i) lays out the proper procedure for a party that contends that a particular assertion should not be considered by the court: "the party may set

9

forth an objection in either its opposing statement or in its reply statement and shall include a brief statement of the reason(s) for the objection and any supporting authority or record citations." Polli's Motion to Strike is not permitted under M.R. Civ. P. 56 and is therefore denied.

The Warrens have also filed a Motion to Strike Polli's Supplemental Response to paragraphs 26 through 35 arguing that Polli failed to properly controvert the facts in these paragraphs. For the reasons stated above, a Motion to Strike is improper in the context of this summary judgment proceeding. The Warrens' Motion to Strike is therefore denied. The Court also notes that the statements of material fact underlying both of these Motions to Strike (concerning Vasile's alleged desire to forgive the note on the Oceanwood Drive property) have no bearing on the Court's decision with respect to this argument for the reasons set forth in section I.A *supra*, further supporting the decision to deny both Motions to Strike.

Therefore, the entry is:

> Plaintiff Bonnie Polli's Motion for Summary Judgment on her foreclosure Complaint is GRANTED. As there is just reason for delay, the foreclosure judgment is not certified as final.
>
> Third-Party Plaintiff Deborah Warren's Cross Motion for Summary Judgment on Counts I and II of the Third-Party Complaint against Third-Party Defendant Bonnie Polli is GRANTED. The parties are to confer and submit a plan to the Court detailing how the Vesper Street property should be partitioned within seven (7) days of the date of this Order. If the parties fail to agree on a plan, each party is to submit its own proposal relating to the partition of the property within fourteen (14) days of the date of this Order. If the Court does not accept either of these plans, a receiver will be appointed to conduct the partition of the Vesper Street property.
>
> Third-Party Defendant Bonnie Polli's Motion to Bifurcate Third-Party Complaint Counts I and II is DENIED.

10

Plaintiff Bonnie Polli's Motion to Strike is DENIED.

Defendants Frank Warren and Deborah Warren's Motion to Strike is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


Dated at Portland, Maine this _12th_ day of ___May___, 2008.


Robert E. Crowley
Justice, Superior Court

11

BONNIE V POLLI PR  - PLAINTIFF
7 WOODVIEW DRIVE
SCARBOROUGH ME 04070
Attorney for: BONNIE V POLLI PR

JENSEN BAIRD ET AL
11 MAIN STREET
SUITE 4
KENNEBUNK ME 04043

Attorney for: BONNIE V POLLI PR
BRENDAN RIELLY  - RETAINED 07/13/2007
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

ESTATE OF PAULINE M VASILE - PLAINTIFF

Attorney for: ESTATE OF PAULINE M VASILE
BRENDAN RIELLY  - RETAINED 07/13/2007
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


VS
FRANK O WARREN III - DEFENDANT
49 BUTTONWOOD ROAD
BEDFORD NH 03110
Attorney for: FRANK O WARREN III
BRIAN D WILLING  - RETAINED
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

DEBORAH V WARREN  - DEFENDANT
49 BUTTONWOOD ROAD
BEDFORD NH 03110
Attorney for: DEBORAH V WARREN
BRIAN D WILLING  - RETAINED
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

CITIZENS BANK OF NEW HAMPSHIRE - PARTIES IN INTEREST

Attorney for: CITIZENS BANK OF NEW HAMPSHIRE
JAMES AUDIFFRED  - RETAINED 08/13/2007
LAW OFFICE OF JAMES L AUDIFFRED
374 MAIN STREET
PO BOX 1005
SACO ME 04072

**DOCKET RECORD**

ESTATE OF PAULINE M VASILE - THIRD PARTY DEFENDANT

Attorney for: ESTATE OF PAULINE M VASILE
ELIZABETH STOUDER  - RETAINED 08/24/2007
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


BONNIE V POLLI AND INDIV  - PERSONAL REPRESENTATIVE

Attorney for: BONNIE V POLLI AND INDIV
JAMES MAIN  - RETAINED
HOY & MAIN
76 DEPOT ROAD
PO BOX 1569
GRAY ME 04039

Attorney for: BONNIE V POLLI AND INDIV
ELIZABETH STOUDER  - WITHDRAWN 02/05/2008
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


Filing Document: COMPLAINT                    Minor Case Type: FORECLOSURE
Filing Date: 04/11/2007

## Docket Events:

07/03/2007 TRANSFER - REMOVAL TO SUPERIOR COURT EDI ON 07/03/2007 @ 18:01
          TRANSFERRED CASE: SENDING COURT CASEID PORDCRE200700106

          FILING DOCUMENT - COMPLAINT FILED ON 04/11/2007

          ATTORNEY - RETAINED ENTERED ON 04/11/2007

          CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 04/12/2007
          RICHARD  TEMPLETON , ASSOCIATE CLERK
          Plaintiff's Attorney:  DAVID J JONES

          Party(s):  CITIZENS BANK OF NEW HAMPSHIRE
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/10/2007
          ANTOINETTE  DEMARCO , ADMINISTRATIVE CLERK
          Plaintiff's Attorney:  DAVID J JONES

          Party(s):  CITIZENS BANK OF NEW HAMPSHIRE
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/03/2007

          Party(s):  BONNIE V POLLI PR
          SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 05/10/2007
          ANTOINETTE  DEMARCO , ADMINISTRATIVE CLERK