MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2018 ME 73
Docket:       Ken-17-419
Argued:       February 14, 2018
Decided:      June 5, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, HJELM, and HUMPHREY, JJ.

SETH T. CAREY

v.

MAINE BOARD OF OVERSEERS OF THE BAR et al.

PER CURIAM

[¶1]  Judge Maria Woodman and Judge Nancy Carlson (collectively, the judges) appeal from an order of the Superior Court (Kennebec County, *Anderson, J.*) denying their motion to seal or strike portions of Seth T. Carey's response to their motion to dismiss his complaint.  We dismiss the appeal because it is interlocutory and does not fall within any exception to the final judgment rule.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the procedural history.  *See Schulz v. Doeppe*, 2018 ME 49, ¶ 3, --- A.3d ---.  Carey is a lawyer and is the respondent in an attorney discipline proceeding.  In November of 2016, pursuant to the agreement of Bar Counsel and Carey himself, a single justice

found that Carey had violated provisions of the Maine Rules of Professional Conduct and suspended Carey from practicing law in Maine for two years but suspended the suspension subject to Carey's compliance with numerous conditions. *Bd. of Overseers of the Bar v. Carey*, BAR-16-15 (Nov. 21, 2016) (Brennan, J.). Although Carey agreed to that disciplinary order, in early 2017 he filed a lengthy, multicount complaint, which he later amended, against numerous entities and individuals—including the judges—based on their actions and involvement in the disciplinary proceeding.

[¶3] In February of 2017, all of the defendants, in two groups, filed separate motions to dismiss Carey's amended complaint and sought imposition of sanctions. Carey filed a single response to the motions on March 6, 2017. Three days later, on March 9, the judges filed a motion to seal or, pursuant to Maine Rule of Civil Procedure 12(f), strike certain paragraphs of Carey's response in which he made assertions about the judges and a family member of one of them. In their motion, the judges stated that the assertions were both personal and extrinsic to Carey's complaint and therefore could not be properly considered in connection with the motion to dismiss the complaint.

[¶4] In an order issued on September 1, 2017, the court denied the judges' motion to seal or strike. The court concluded that the material could

not be stricken pursuant to Rule 12(f) because that Rule applies only to a "pleading," which does not encompass an opposition to a motion to dismiss a complaint, and because the judges "provided no authority" for sealing the paragraphs. The September 1 order did not dispose of the motions to dismiss the complaint, and so the case remained pending in the trial court.

[¶5] On September 21—twenty days after the court issued its order—the judges filed a notice of appeal from the court's denial of their motion to seal or strike. *See* M.R. App. P. 2A, 2B(c). Because the case was still pending in the trial court, we issued an order on October 12 requiring the judges to show cause why the appeal should not be dismissed as interlocutory. On October 16, in response to the show cause order, the judges filed a memorandum, to which they attached a copy of Carey's response to the motion to dismiss filed in the trial court, which included the material at issue here, in order to provide context for their contention that the appeal should not be dismissed. The judges also moved to seal the pertinent portion of Carey's filing that they had attached to their memorandum. One week later, on October 23, we issued an order permitting the appeal to proceed because it arguably fell within an exception to the final judgment rule but reserved to the parties the opportunity

4

to argue the final judgment issue along with the merits. In that order, we also ordered that the attachment be impounded pending further order of the Court.[1]

## II. DISCUSSION

[¶6] Before it would be proper for us to address the merits of this interlocutory appeal, we must first address whether it falls within an exception to the final judgment rule.

[¶7] A court order that does not result in a final judgment is interlocutory, and any appeal of such an order is ordinarily barred by the final judgment rule. *Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 12, 974 A.2d 918; *Estate of Kingsbury*, 2008 ME 79, ¶ 4, 946 A.2d 389. There are several exceptions to the final judgment rule that would allow interlocutory appellate review. *Davis v. Anderson*, 2008 ME 125, ¶ 9, 953 A.2d 1166. One is the death knell exception, which allows an appeal from an interlocutory order "when substantial rights of a party will be irreparably lost if review is delayed until

---

[1] Although we impounded the challenged material contained in Carey's trial court filing, on December 12, 2017, Carey filed a motion to strike the appendix filed by the judges because it did not contain that material or, alternatively, for leave to file a supplemental appendix that would include that material. The judges promptly filed an opposition. Then, on December 19, Carey proceeded to file a brief specifically describing the impounded material, and two days later, the judges filed a motion to seal that portion of Carey's brief. On January 5, 2018, we denied Carey's motion to strike the appendix or for leave to file a supplemental appendix, impounded Carey's brief, and ordered the judges themselves to file a revised copy of Carey's brief, with the impounded information redacted, that would constitute the "public copy." The judges filed the redacted appellee brief six days later.

final judgment." *Kingsbury*, 2008 ME 79, ¶ 5, 946 A.2d 389 (quotation marks omitted). In other words, appellate intervention is warranted even when the case has not proceeded to a final judgment if, in the absence of that review, there would be "a substantial loss or sacrifice of the rights, property, or claim at issue." *Id.* (quotation marks omitted).

[¶8] One situation where the death knell exception may apply is in an appeal from an order denying a motion to impound information. "If such a party is denied the opportunity to have the matter reviewed on appeal prior to trial, the information will be disclosed and its secrecy forever lost." *Fiber Materials*, 2009 ME 71, ¶ 16, 974 A.2d 918. In order to determine what rights would be lost if we were to dismiss this appeal, we must consider the extent to which the material at issue has already been available to the public.

[¶9] Carey filed his opposition to the judges' motion to dismiss his complaint on March 6, 2017, and the judges filed their motion to strike or seal the challenged portions of Carey's submission three days later, on March 9. By operation of an administrative order issued by the Maine Supreme Judicial Court, upon the filing of the judges' motion, the material they sought to strike or seal became unavailable for public inspection. Public Information and Confidentiality, Me. Admin. Order JB-05-20 (as amended by A. 1-15) (effective

6

Jan. 14, 2015) (stating that "materials that are subject to a pending motion or other request for impoundment or sealing" are not available for public inspection); *see also* M.R. Civ. P. 79(b)(1) ("Upon the filing of a motion or other request to impound or seal documents or other materials, the clerk shall separate such materials from the publicly available file and keep them impounded or sealed pending the court's adjudication of the motion.").

[¶10] The material remained impounded pursuant to the Administrative Order until the court denied the judges' motion on September 1 because, when the court acted on the motion, the motion was no longer pending and the protections afforded by the Administrative Order were extinguished. The judges did not request that the court delay the effective date of the order it issued on September 1, and they did not take any other steps that would have extended the impoundment, even temporarily. In other words, as the judges acknowledged at oral argument, the public had access to the material at issue when the court denied their motion. Therefore, from September 1 until at least September 21, when the judges filed a notice of appeal, the challenged material was fully available for public inspection with no attempt by the judges to impound the material during that period. And beyond that, if this appeal does not rise to the level of a "request for impoundment or sealing" within the

meaning of the Administrative Order—an issue we need not decide—then the material remained available for public inspection until October 16, when the judges specifically moved for us to impound the material.

[¶11]   As a general matter and as a function of both common and constitutional law, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (footnote omitted).  The general availability of court documents to the public, however, is subject to "countervailing interests [that] heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  The court records at issue here are not declared confidential by statute or court rule, do not fall within recognized restrictions created by federal law, and are not otherwise declared nonpublic.

[¶12]   Because public confidence in the judicial process is vitally important, our review of requests to seal documents must be undertaken very carefully and must be guided by the crucial principle of public access.  This means that, in the circumstances of this case, we place great significance on the access that the public had, for at least nearly three weeks, to the material that

8

the judges seek to impound here.[2]  The full availability that the public had to

that material for a significant period materially diminishes the justification for

sealing the material now.  We have reached the same conclusion in the past,

although in a case where the dissemination of the challenged material may well

have been greater than here.  *See Fiber Materials*, 2009 ME 71, ¶¶ 15-16, 24,

974 A.2d 918 (concluding that the death knell exception did not apply because

materials the appellant sought to strike had "already been widely disclosed"

and were a "matter of public record for seven days until the memo was sealed

by the court"); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir.

2004) (stating that, although the confidential information became publicly

available as a result of the trial court's own error, "[w]e simply do not have the

power, even if we were of the mind to use it if we had, to make what has thus

become public private again. . . .  We have not the means to put the genie back

[in the bottle]"); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F.

Supp. 2d 572, 584-85 (E.D.Va. 2009) (where a motion to impound was filed

after the records at issue had been admitted in evidence at a trial and three

---

[2]  We do not hold against the judges the several days that elapsed between Carey's initial filing in the trial court and the motion to strike or seal because the judges acted with considerable dispatch in responding to Carey's submission by moving to seal or strike it, which resulted in the material being impounded while the motion remained pending.  The public's access to the documents *after* the court denied the impoundment motion is another matter.

weeks after the jury's verdict, concluding that the party had waived the right to seek any such relief).

[¶13]  The death knell exception to the final judgment rule serves to preserve and protect rights from being irreparably lost.  *See Kingsbury*, 2008 ME 79, ¶ 5, 946 A.2d 389.  Because the material was unprotected and fully available to the public for a number of weeks, and the judges were aware of that circumstance but failed to take available and timely steps to protect against the harm they seek to avoid now, they have not demonstrated the irreparable harm necessary for appellate review of the court's interlocutory order, and we do not reach the merits of the appeal.

The entry is:

> Appeal dismissed.  The orders of impoundment dated October 23, 2017, and January 5, 2018, are vacated effective fourteen days after the date of this Opinion.

---

Janet T. Mills, Attorney General, and Susan P. Herman, Dep. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellants Judge Maria Woodman and Judge Nancy Carlson

Seth T. Carey (orally), appellee pro se

Kennebec County Superior Court docket number CV-2017-17
FOR CLERK REFERENCE ONLY