STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-355

TIMOTHY BLOOM,

        Plaintiff

v.

        ORDER

SHAWN TAMIR, et al.,

        Defendants

REC'D CUMB CLERKS OF
APR 11 '22 PM4:29

Before the court is defendant Shawn Tamir's motion to seal the record in this case, which the parties represent has been settled. Tamir also represents that plaintiff Timothy Bloom has consented to the motion.

The court is unwilling to seal the entire record, which would be inconsistent with the principle that court proceedings are open to the public, which is a fundamental tenet of our judicial system, protected by both the common law and the First Amendment. *Nixon v. Warner Communications.*, 435 U.S 589, 597 (1978); *FTC v. Standard Financial Management*, 830 F.2d 404, 408 & n.4 (1st Cir. 1987). *See Carey v. Maine Board of Overseers of the Bar*, 2018 ME 73 ¶¶ 11-12, 186 A.3d 848.[1] Sealing the file would be the equivalent of erasing any record that this case had been filed.

In this case, however, some of the arguments in favor of public access are not as strong as they would be in a contested proceeding. The court has issued no rulings and the only pending

---

[1] The *Carey* opinion also demonstrates that the fact that the pleadings in this case have remained in court files open to the public inspection since the complaint was filed on September 28, 2021 weighs against impounding the file after the fact. *See* 2018 ME 73 ¶ 12.

motion at the time of settlement is now moot. Accordingly this is not a case where a party is asking that judicial proceedings be based on a secret record.

Tamir's motion states that the basis of his motion is his desire to seal certain allegations in the complaint that, by virtue of the settlement, he has not had any opportunity to contest or disprove. Accordingly, the court will impound the complaint at this time and order that the complaint be sealed, without prejudice to any request that may be made to unseal the complaint in the future. The court will otherwise deny Tamir's motion to seal. That motion and this order shall remain in the file open to public inspection.

If at any future time, there is any request to unseal the complaint, Tamir shall be given notice and shall have an opportunity to be heard.

The entry shall be:

Defendant's motion to seal is denied in part and granted in part. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _11_, 2022

_____
Thomas D. Warren
Active Retired Justice, Superior Court

Plaintiff-Timothy Norton, Esq.
Defendant-Shawn Tamir (Pro Se)
Def Camden National Bank-Eric . Wycoff, Esq.

2