**STATE of Maine**

v.

**C.T. Lawrence BUTLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 1, 1993.

Decided July 1, 1993.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty., Portland, for the State.

C.T. Lawrence Butler, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

C.T. Lawrence Butler appeals *pro se* from a judgment entered in the Superior Court (Cumberland County, *Perkins, J.*) affirming the District Court (Portland, *MacNichol, J.*) order denying his motion for relief from judgment. On appeal, Butler challenges the constitutionality of the jail operations surcharge imposed pursuant to 4 M.R.S.A. § 1057(2) (1989), *amended by* P.L.1991, ch. 303, § 1, as violative of his right to the free exercise of religion, and as an unconstitutional delegation of the Legislature's taxing power to the judiciary. Because a number of procedural defaults prevent us from reviewing the merits of Butler's claims, we affirm the judgment.

On March 8, 1990, Butler was issued a Uniform Traffic Ticket and Complaint for failure to display a valid or current certificate of inspection, 29 M.R.S.A. § 2508(2) (Pamph.1992). Butler pleaded guilty and the District Court imposed a fine of $50. As a result of confusion about the nature of the charge, Butler sought to appeal *in forma pauperis.* When his request was denied, Butler withdrew his appeal and paid the assessed fine. He refused, however, to pay the $5 surcharge imposed pursuant to 4 M.R.S.A. § 1057(2), and as a result his driver's license was suspended. Butler then filed a motion for relief from judgment pursuant to M.R.Civ.P. 60(b), challenging the constitutionality of the surcharge. After a hearing the District Court granted reinstatement of Butler's license, but refused either to waive the surcharge or to order community service in lieu of the surcharge. The Superior Court affirmed and this appeal followed.

■ Butler contends that the Superior Court erred in holding that his failure to appeal from the underlying judgment precludes appellate review of the District Court's denial of his motion for relief from that judgment. We disagree. Rule 60(b) is not a substitute for an appeal. *See Reville v. Reville*, 370 A.2d 249, 252 (Me.1977); *Willette v. Umhoeffer*, 245 A.2d 540, 542 (Me.1968). Even on a constitutional claim, the principles of *res judicata* bar relief under Rule 60(b) when, as here, the aggrieved party has failed to challenge the validity of the underlying judgment on direct appeal. *See State v. Reny*, 511 A.2d 1066, 1067 (Me.1986); *Maines v. Secretary of State*, 493 A.2d 326, 329–30 (Me.), *cert. denied*, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 291 (1985).

■ Moreover, Butler's failure to provide a transcript of the District Court's hearing precluded appellate review by the Superior Court. The denial of a motion for relief from a judgment is reviewed for an abuse of discretion. *See Allen v. Allen*, 603 A.2d 482, 483 (Me.1992). As the appellant, Butler has the burden of providing the reviewing court with a sufficient record to allow adequate consideration of the arguments advanced on appeal. *See Whalen v. Town of Livermore*, 588 A.2d 319, 320 (Me.), *cert. denied*, —— U.S. ——, 112 S.Ct. 422, 116 L.Ed.2d 442 (1991). Butler, however, failed to provide the Superior Court with either a transcript of the hearing in the District Court or a statement of the evidence or proceedings in lieu of a transcript as provided by Rule 76F(c) or (d). Without an adequate record of the proceedings in the District Court, the Superior Court was in no position to determine whether the District Court had abused its discretion in denying Butler's Rule 60(b) motion. *See Merrill/Norstar Bank v. Sites*, 592 A.2d 1077, 1078 (Me.1991).

■ Finally, we take judicial notice of the fact that at the time Butler paid the assessed fine, the District Court's computer system automatically transferred the first ten percent of all money received in payment of fines to the jail operations surcharge fund in satisfaction of the jail operations surcharge. Thus the first $5 of Butler's $50 payment was transferred to the jail operations surcharge fund, leaving a $5 outstanding balance on his underlying fine. Because Butler has in fact already paid the surcharge imposed pursuant to 4 M.R.S.A. § 1057(2), his constitutional challenge to the imposition of the surcharge is moot.

The entry is:

Judgment affirmed.

All concurring.