Lawrence C. DiPIETRO, Sr., et al.,

v.

David J. BOYNTON.

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 22, 1994.

Decided Oct. 13, 1994.

John S. Campbell, Poulos & Campbell, Portland, for plaintiffs.

Paul K. Marshall, Kingfield, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

David J. Boynton appeals from the judgment entered in the Superior Court (Cumberland County, Cole, J.) denying his motion, pursuant to M.R.Civ.P. 60(b)(5), seeking relief from the prior judgments entered in this case on the ground that the judgments have been satisfied. We affirm the judgment.

The record reflects the following pertinent facts: Following a jury trial on the complaint of DiPietro and other named plaintiffs against Boynton and other named defendants, judgments were entered in the Superior Court (Cumberland County, Cole, J.) on the jury verdicts awarding damages to the named plaintiffs and against Boynton and other named defendants severally. Boynton filed a timely motion, pursuant to M.R.Civ.P. 59, seeking, *inter alia*, the amendment of the judgments to provide that his liability and that of Walker, another named defendant, for the awarded damages was joint and several. After a hearing, the trial court denied Boynton's motion, affirmed the judgments as entered, and Boynton appealed. On that ap-

peal, Boynton did not challenge the trial court's denial of his motion to amend the judgments. After we affirmed the judgments, *DiPietro v. Boynton*, 628 A.2d 1019 (Me.1993), Boynton filed the present motion, contending that the judgments against Boynton and Walker were joint and several and Boynton's liability for damages awarded to the plaintiffs had been satisfied to the amount provided in the settlement agreements entered into by Walker and the respective plaintiffs. Boynton appeals from the court's denial of his motion.

We have repeatedly stated that a motion for relief pursuant to Rule 60(b) is not a substitute for a direct appeal and that we review the trial court's decision to grant or deny the motion only for the abuse of its discretion. *See, e.g., Fleet Bank of Maine v. Hunnewell*, 633 A.2d 853 (Me.1993). Here, Boynton failed on his direct appeal to challenge the judgments entered severally against Boynton and Walker. *DiPietro*, 628 A.2d at 1019. The record supports the trial court's findings that the present motion raises the same issue as Boynton's prior motion to amend the judgments, that the jury was specifically instructed that the damages which it could assess against Boynton were separate from those it could assess against Walker, and that Boynton did not challenge any issues presented to the jury before the jury was discharged. On this record, we find no abuse in the exercise of the trial court's discretion by denying Boynton's motion.

The entry is:

Judgment affirmed.

All concurring.