Marion McKINLEY, Jr.

v.

Martha McKINLEY.

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 4, 1994.

Decided Dec. 16, 1994.

Charles Gilbert, Bangor, for plaintiff.

Martha Broderick, Broderick & Broderick, Lincoln, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Marion McKinley, Jr., appeals from the judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) denying his motion, pursuant to M.R.Civ.P. 60(b), seeking relief from the judgment entered in the Superior Court on April 6, 1992 (Penobscot County, *Pierson, J.*) following a nonjury trial on his complaint against Martha McKinley and denying his motion seeking to have Martha held in contempt for violating the provisions of that judgment. Finding no error in the record, we affirm the judgment.

The record discloses the following facts: After seventeen years of marriage, Marion and Martha were divorced in Massachusetts on November 10, 1973. The divorce decree, *inter alia,* provided that Martha have custody of four of their five minor children and ordered Marion to pay to her "as alimony and for the maintenance of said children in

her custody the sum of seven hundred dollars on the first day of each month hereafter beginning June 1, 1973." There was no allocation of the payment between alimony and child support. Marion and Martha did not remarry but resumed cohabitation from 1974 until January 1988. During this interval, the parties filed joint income tax returns as husband and wife, purchased property in Dexter as husband and wife in joint tenancy, acquired personal property, and adopted two of their minor grandchildren.

In April 1988, Marion brought an action against Martha seeking an accounting and division of their assets, a partition of the Dexter property, pursuant to 14 M.R.S.A. §§ 6501–6525 (1980 & Supp.1993), and a determination of their parental rights and responsibilities with respect to their two children, pursuant to 19 M.R.S.A. § 214 (Supp. 1993). Martha filed an answer and counterclaim to the action seeking protection from any liability arising from the joint income tax returns filed by the parties following the Massachusetts judgment of divorce.

Following a nonjury trial at which the Massachusetts divorce decree was entered in evidence by a stipulation of the parties, the court awarded Marion "the rifles, all of his personal clothes and personal effects, the silver set, the two gold coins (if located), the urns, the eggs, one china set, one television set to be chosen by Martha, the 1986 GMC pickup truck, and the birds of paradise." Martha was awarded "the Dexter property provided she pay Marion $10,000, the Buick Regal, any other televisions, the remaining china, the stemware, all other jade, and the furniture," and granted the protection from liability sought by her counterclaim. Each party was awarded one-half of the stock owned in the parties' joint and separate names with the further order that they execute necessary instruments to effect that division or sell the stock and divide the proceeds equally. Parental responsibility for the two minor adopted children was ordered to be shared between the parties with the children's primary residence to be with Martha. The court ordered Marion to pay one-half of his military pension to Martha for child support. Neither party requested find-

ings or appealed from the judgment entered on April 6, 1992.

By a document dated September 9, 1991, attaching a copy of the Massachusetts divorce judgment, Marion was advised by the Defense Finance and Accounting Service that the Army would withhold and forward to Martha the smaller of $700 or one-half of Marion's pension of approximately $1,100 per month.

On March 29, 1993, Marion filed two post-judgment motions. By his first motion, seeking relief from the April 6, 1992 judgment pursuant to Rule 60(b), Marion alleged that there was a significant likelihood that Martha had "sold, damaged, secreted, destroyed or otherwise disposed of" the items that the court had awarded to him. He asserted that the items he was to receive were worth at least $40,000, and he requested the court to set aside the judgment relating to the division of assets and enter a judgment dividing the assets on a more equitable basis. Marion further contended that by failing to allege any claim against him pursuant to the Massachusetts divorce decree as a compulsory counterclaim to his action of April 1988, Martha is barred from seeking enforcement of those claims. He requested the court to enjoin Martha from making any claim against his pension pursuant to the 1973 Massachusetts divorce decree and "to release her garnishment" of his pension. By his second motion, seeking an order of the court holding Martha in contempt, Marion alleged that Martha had willfully violated the April 6, 1992 judgment, by failing to turn over certain items awarded to him or giving him damaged items, substitute items, or nothing.

After a hearing on the motions, the court determined that Marion had failed to establish Martha's noncompliance with the April 6, 1992 judgment. The court noted that Marion had not provided the court with a transcript of the proceedings terminating in the April 6, 1992 judgment, and accordingly, it had no knowledge of the evidence or findings the court had relied on as a basis for its judgment. The court also determined that contrary to Marion's contention, the Massachusetts decree did not have to be pleaded by Martha as a compulsory counterclaim to

his April 1988 action against her and that there was no evidence before the court that the disposition of the property or support for minor children addressed by the April 6, 1992 judgment was the same as that addressed by the Massachusetts divorce decree. From the judgment entered denying Marion's motions, he appeals.

Marion first contends that the trial court erred by denying his motion pursuant to 60(b)(1), (2), (3), (5), and (6).[1] He argues that by its April 6, 1992 judgment the court intended to divide the property evenly between the parties by awarding Martha the house and furniture and awarding him extremely valuable coins, china, jade urns, birds of paradise, and a silver set; that Martha offered him cheap imitations of these items and that because he did not get many of the things awarded to him, the judgment should be amended to compensate him for this inequitable division.

■ We have repeatedly stated that a motion for relief pursuant to Rule 60(b) is not a substitute for a direct appeal. *See, e.g., Fleet Bank of Maine v. Hunnewell,* 633 A.2d 853, 854 (Me.1993). "The denial of a motion for relief from a judgment is reviewed for an abuse of discretion." *State v. Butler,* 627 A.2d 530, 531 (Me.1993). Marion did not provide the court a transcript of the original proceedings in support of his motion.[2] There

is no indication that by the April 6, 1992 judgment the court intended to divide the McKinleys' property equally. The property awarded Marion is described in general terms. Marion did not seek a clarification of the judgment, request more specific findings by the court relating to the items awarded to him, or appeal from the judgment.

On this record, the court properly determined that Marion failed to carry his burden of establishing any basis for the requested relief from the April 6, 1992 judgment pursuant to Rule 60(b). Accordingly, we find no abuse of discretion in the court's refusal to amend the judgment dividing the property of the parties.

■ Marion also contends that the judgment of April 6, 1992 should be used to bar Martha from claiming any rights pursuant to the 1973 Massachusetts divorce decree. In support of this contention he argues, as he did on his motion before the trial court, that in response to his complaint of April 1988 M.R.Civ.P. 13 mandated that she counterclaim setting forth any rights she claimed pursuant to the 1973 Massachusetts divorce decree. We disagree.

In pertinent part, Rule 13(a)(1) provides, "[A] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any oppos-

---

1. M.R.Civ.P. 60(b) provides:

   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2. Although Marion has supplied this court with a copy of a transcript of the original proceedings,

he did not provide the Superior Court with a copy of the transcript during his motion seeking relief from the judgment, and therefore, the transcript may not be used to clarify any claimed ambiguity in the court's original order. "[E]ven though a particular matter may have been filed with the Superior Court and would ordinarily be considered a proper part of the record on appeal, the Law Court will not consider that matter if it was not presented to the Superior Court justice or properly offered into evidence." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 74.2 at 466–67 (2d ed. Supp.1981). *See Mockus v. Melanson,* 615 A.2d 245, 247 (Me.1992) (deposition transcripts not before the trial court stricken from the record before this court); *Pope v. Remisa,* 463 A.2d 714, 716 (Me.1983) (trial transcript stricken from record because it was not before the Superior Court). Because Marion did not satisfy this burden of providing the Superior Court with the transcript of the original hearing, *State v. Butler,* 627 A.2d 530, 531 (Me.1993), we do not consider it on this appeal.

ing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In the instant case, the subject matter of Marion's claim against Martha concerned the partition of assets acquired after they were divorced and the determination of their parental rights relative to the two minor children. Because the 1973 divorce claim does not arise out of that same transaction, the provisions of Rule 13(a) were not applicable to Martha's responsive pleading to Marion's April 1988 complaint.

■ Marion did not seek a modification of the child support payments to Martha provided by the April 6, 1992 judgment. Rather, he contends that because he is required to pay half of his pension as child support pursuant to the April 6, 1992 judgment, and he also has half of his pension garnished by Martha pursuant to the Massachusetts divorce decree, the Superior Court erred in not barring Martha from enforcing the Massachusetts divorce decree. Because the Massachusetts divorce decree may not be collaterally attacked in Maine courts, the trial court properly determined it could not provide the relief sought by Marion. *See Spaulding v. Spaulding,* 460 A.2d 1360 (Me.1983); *O'Malley v. O'Malley,* 338 A.2d 149, 154 (Me.1975).[3]

■ Marion's final contention is that because Martha intentionally and impermissibly withheld stock from him the trial court erred by denying his motion that she be found in contempt of the April 6, 1992 judgment. We disagree. When, as here, the record discloses no clear error in the factual findings underlying the court's determination, *see International Paper Co. v. United Paperworkers Int'l Union,* 551 A.2d 1356, 1361 (Me.1988), we review the court's refusal to find Martha in contempt for an abuse of its discretion. *Cf. State v. Alexander,* 257 A.2d 778, 782 (Me.1969) ("[p]unishment for criminal contempt is within the sound discretion of the sentencing court"). Because the record supports the court's finding that Marion failed to establish that Martha had not

complied with the order involving the division of stock between the parties, the court properly exercised its discretion by denying Marion's motion requesting that Martha be held in contempt.

The entry is:

Judgment affirmed.

All concurring.

---

3. Marion might be more successful if he were to file a motion before the Superior Court setting forth any claim of change of circumstances since the issuance of its April 6, 1992, judgment that would justify an amendment reducing his child support obligation and by a proper procedure to bring before the Massachusetts court a request for an amendment of its 1973 divorce judgment relating to his alimony obligation to Martha.