1997 ME 73

**McKEEN AND ASSOCIATES, et al.**

v.

**DEPARTMENT OF TRANSPORTATION.**

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 24, 1996.

Decided April 10, 1997.

Justin W. Leary, Sharon, Leary & DeTroy, Auburn, for plaintiffs.

Martha C. Gaythwaite, Friedman & Babcock, Portland, for Chauncy Crafts.

John C. Hunt, Department of Transportation, Augusta.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] McKeen and Associates (McKeen) appeals from the judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*), denying McKeen's motion for relief from judgment pursuant to M.R.Civ.P. 60. McKeen contends on appeal that the court erred in not finding that the Department of Transportation misrepresented facts to the court or committed fraud. We disagree and affirm the judgment.

[¶ 2] McKeen and the Department contracted for the promotion, development, and construction of an informational kiosk system in 1983. After problems developed, McKeen sued the Department for a breach of contract in 1987. On September 4, 1987, the Department filed a counterclaim alleging that McKeen owed it money for the project. The court stayed the action pending arbitration.

After the court vacated the first arbitration award due to a conflict of interest of one of the arbitrators, the Department moved for the court to confirm a second arbitration award.[1] The Department did not include the actual award in an appendix to its motion. McKeen did not object to the motion, however, and the court confirmed[2] the arbitration award on January 4, 1994.

[¶ 3] On May 31, 1994, the Department filed a motion for a summary judgment on its counterclaim. The Department did not attach a copy of the award to its motion or include it in its memorandum of law in support of its motion. McKeen did not object to the motion and filed no response to it. *See* M.R.Civ.P. 56; 7(c), (d). On August 8, 1994, the court granted the Department's motion and entered summary judgment in favor of the Department in the amount of $95,791. On March 31, 1995, McKeen moved for relief from judgment pursuant to M.R.Civ.P. 60(b)(3) alleging fraud and misrepresentation by the Department.[3] Finding no fraud or misrepresentation, the court denied the motion. This appeal by McKeen followed.

[¶ 4] We review the denial of a motion for relief from judgment only for an abuse of discretion. *McKinley v. McKinley,* 651 A.2d 821, 823 (Me.1994); *DiPietro v. Boynton,* 648 A.2d 679, 680 (Me.1994). "We will vacate a judgment only when the denial of the Rule 60(b) motion works a plain and unmistakable injustice against the defendant." *Harris v. PT Petro Corp.,* 650 A.2d 1346, 1348 (Me.1994) (citation omitted). McKeen contends that it is entitled to relief from judgment pursuant to M.R.Civ.P. 60(b)(3) because the Department committed fraud and misrepresentation when it failed to inform the court of the language of the arbitration award that it contended precluded the Department from pursuing its counterclaim. McKeen also argues that the counterclaim

---

1. The award concludes that the Department was liable to McKeen in the amount of $19,500 but that the sum would be set off by the $95,791 that McKeen owed the Department. The arbitrators noted in their award that they should not consider the Department's counterclaim "except to the extent that the claim offsets the damages of McKeen."

2. *See* 14 M.R.S.A. § 5937 (1980) (court must confirm award unless grounds are urged for vacating, modifying, or correcting it).

3. Rule 60(b)(3) provides relief from judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]"

was barred by *res judicata* because the arbitration award precluded recovery on the counterclaim. McKeen's contentions are unpersuasive. Rule 60(b) "presupposes that a party has performed his duty to take legal steps to protect his own interests *in the original litigation.*" *Reville v. Reville,* 370 A.2d 249, 253–54 (Me.1977) (emphasis added). McKeen, however, never objected to the Department's summary judgment motion. Pursuant to M.R.Civ.P. 7(c)(3), "[a] party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion."[4] McKeen offered no reason or excuse to the trial court for failing to object to the motion for a summary judgment and has advanced no reason to this Court as to why it did not object. Moreover, McKeen did not appeal the grant of a summary judgment entered against it. We have "repeatedly stated that a motion for relief pursuant to Rule 60(b) is not a substitute for a direct appeal...." *DiPietro v. Boynton,* 648 A.2d at 680. "[T]he principles of *res judicata* bar relief under Rule 60(b) when, as here, the aggrieved party has failed to challenge the validity of the underlying judgment on direct appeal." *State v. Butler,* 627 A.2d 530, 531 (Me.1993) (citation omitted). The court correctly denied McKeen's motion for relief from judgment on the basis of *res judicata.*

■ [¶ 5] The trial court also was not persuaded that the Department committed fraud and misrepresentation by pursuing its counterclaim when the arbitration award allegedly precluded the State from doing so. The arbitrators, however, did not address the issue of whether the Department's counterclaim was arbitrable and left unclear whether the arbitrators intended the arbitration award to be preclusive on the counterclaim. The court's conclusion that the department did not make misrepresentations to the court or engage in fraud is not clearly erroneous. For the foregoing reasons, the court did not abuse its discretion in denying the Rule 60(b) motion for relief.

The entry is:

Judgment affirmed.

DANA, Justice, with whom GLASSMAN, Justice, joins, dissenting.

[¶ 6] I must respectfully dissent. In my opinion, the conduct of the Department falls within the prohibition of M.R.Civ. 60(b)(3) and should not be sanctioned by this Court. Because I would vacate the summary judgment granted to the Department, it is necessary to detail the undisputed record in this case that discloses the following:

[¶ 7] On September 3, 1987 McKeen filed a complaint seeking damages from the Department for its alleged breach of the contract between the parties. The Department filed an answer setting forth a number of affirmative defenses and a counterclaim seeking damages from McKeen for its alleged breach of the contract. Thereafter, on September 14, 1987, the Department filed a motion to dismiss McKeen's complaint on the ground that arbitration of their dispute was required by paragraph 16 of their contract that provides:

> Any and all claims, disputes and other matters in question arising out of or relating to this AGREEMENT or the breach thereof which is not disposed of by mutual agreement of the parties hereto shall be submitted to arbitration conducted and governed by the rules of the American Arbitration Association applicable to the Construction Industry in effect at the time of the execution of this AGREEMENT. This AGREEMENT to arbitrate shall be specifically enforceable under the prevailing arbitration law. The determination of the arbitrators duly made shall be final and binding on all parties and may be confirmed or enforced in any court having jurisdiction. The expenses of arbitration, including the fees and expenses of the arbitrators but not including witness or legal fees or similar expenditures of a party in presenting his evidence or arguments

4. Additionally, when the arbitration award was granted, McKeen should have moved pursuant to M.R.Civ.P. 15(a) to amend its answer to the Department's counterclaim to add the affirmative defense of *res judicata.* It did not, and therefore, McKeen has failed to preserve this defense. M.R.Civ.P. 8(c).

to the arbitrators, will be shared equally by the State and the Operator.

[¶ 8] After a hearing on October 27, 1987, the court (*Delahanty, J.*), issued its order stating: "The parties contract requires arbitration. Motion to dismiss is denied. This matter is stayed pending results of arbitration. The parties are required to notify the court forthwith upon completion of arbitration."

[¶ 9] Both parties submitted their respective claims to a panel of three arbitrators. After a five day hearing, and the issuance of an award by the arbitrators, the Department attached to its motion for confirmation a copy of the award that provided in pertinent part:

1. The claim of McKeen & Associates, William McKeen and Chancy Crafts (hereinafter referred to as claimant) against the State of Maine, Department of Transportation (hereinafter referred to as Respondent) is hereby denied.

2. The counterclaim of Respondent against Claimant is hereby denied.

[¶ 10] On learning that while the arbitration proceedings were pending, the Department had compensated one of the arbitrators for appraisal services provided to the Department, McKeen moved to vacate the arbitration award. After a hearing, the court (*Alexander, J.*) issued its order, dated March 1, 1991, finding that during the pendency of the arbitration proceeding and before a decision was rendered the arbitrator had performed two appraisals for the Department for a total compensation of $5,500, and that the "ongoing solicitation and financial arrangements between [the arbitrator] and the DOT was not disclosed to McKeen." Based on these findings, the court denied the Department's motion to confirm the award, granted McKeen's motion to vacate the award, and directed the Department to reimburse McKeen for all its attorney fees, expert witness fees and costs required by it to participate in the arbitration proceeding that must be duplicated in a second arbitration proceeding.[1]

[¶ 11] In January, 1994, the Department filed a motion to confirm the arbitration award resulting from the second arbitration proceedings that provided in pertinent part:

The Arbitrators find that the State never filed a counterclaim in this arbitration and, therefore, in the Arbitrators discretion, it should not be considered at this late date except to the extent that the claim offsets the damages to McKeen.

.  .  .  .  .

This Award is in full settlement of all claims submitted to this Arbitration *or which could have been submitted.*

(emphasis added). The arbitrators valued McKeen's claim at $19,500 and that of the Department at $95,791.

[¶ 12] In January, 1994, the Department moved for confirmation of the award. In its supporting memorandum it stated that there had been no motions to vacate, correct or modify the award pursuant to 14 M.R.S.A. §§ 5938–39 (1980). Without objection by McKeen, the court (*Alexander, J.*) granted Department's motion. A judgment was entered accordingly and neither party appealed.

[¶ 13] In May, 1994, the Department filed a motion seeking a summary judgment on its counterclaim. By its memorandum in support of its motion, the Department stated that:

"This contract action was substantially resolved by an award of an arbitration panel. . . . There remains pending, however, the counterclaim of the Defendant which was not resolved by the arbitrators. . . . In the related arbitration proceedings, the Plaintiffs have admitted they have not paid MDOT the monies required by the contract. . . . Because there is no dispute that the Plaintiffs owe the Defendant $95,791 and have not paid it . . ." a summary judg-

---

1. Following extensive litigation by the Department in opposition to the court's order, the court (*Alexander, J.*) on June 26, 1991, issued its order awarding to McKeen $23,000 for its costs and attorney fees to be paid by the Department pursuant to the court's order of March 1, 1991. The amount, together with interest was paid by the Department on March 16, 1992, following the issuance of a writ of execution.

ment should be granted in that amount to DOT.

McKeen filed no response to the motion. A judgment was entered on the order of the court (*Delahanty, J.*) that granted Department's motion and ordered McKeen to pay the Department $95,791.

[¶ 14] McKeen filed a timely motion pursuant to M.R.Civ.P. 60(b)(3) seeking relief from the summary judgment. Rule 60(b)(3) provides that the court may relieve a party from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." After a hearing, the court (*Delahanty, J.*) focused on McKeen's failure to respond to the Department's motion for a summary judgment, found that the Department, in moving for a summary judgment, did not make misrepresentations to the court nor did it engage in fraud, and denied McKeen's motion.

[¶ 15] It requires no citation of authority for the well-established principle that the powers granted the court by Rule 60(b) are equitable and humane discretionary powers by which courts can relieve a party from a judgment unfairly entered. M.R.Civ.P. 1 provides that all the rules set forth in the Rules of Procedure shall be construed by all the courts to "secure the just, speedy and inexpensive determination of every action." Implicit in Rule 1 is that a disingenuous litigant will not be allowed to distort or to defeat the mandate of this Rule.

[¶ 16] In this case, it cannot be disputed that the claim of McKeen and the counterclaim of the Department were "claims, disputes and other matters in question arising out of or relating to [the contract of the parties] or the breach thereof," and not disposed of by mutual agreement of the parties. Accordingly, as clearly manifested by the Department's motion of September 14, 1987, and the court's order on that motion, these matters *required* arbitration. Further, that "[t]he determination of the arbitrators duly made shall be final and binding on all parties and may be confirmed or enforced in any court having jurisdiction."

[¶ 17] After approximately seven years, there was a final and binding resolution of all the claims of these parties relative to the contract at issue, confirmed by the court and on which the parties were entitled to rely. In my opinion, there was no legal or equitable basis for the Department's motion for a summary judgment on its counterclaim, and it is not necessary to characterize the conduct of this experienced and sophisticated litigant, to grant the relief sought by McKeen.