STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-2020-004

                                          )
TRAVIS BARTLETT,                          )
                                          )
          Plaintiff/Counterclaim          )
          Defendant,                      )
                                          )
     v.                                   )
                                          )
LEAH MORRISON,                            )       ORDER ON PENDING MOTIONS
                                          )
          Defendant/Counterclaim          )
          Plaintiff,                      )
     v.                                   )
                                          )
OAK HILL CLEANERS, INC.,                  )
                                          )
          Third-Party Defendant.          )
                                          )

          The following motions are pending before the Court: (1) Plaintiff Travis Bartlett's

("Bartlett") Motion to File Documents Under Seal, (2) Defendant Leah Morrison's

("Morrison") Motion to File Document Under Seal, (3) Morrison's Rule 60(b) Motion to

Amend Order on Unopposed Motion for Summary Judgment, (4) Bartlett's Motion to

Authorize Listing and Sale of the Premises, and (5) Morrison's Motion to Stay Pending

Litigation. For the following reasons, Morrison's Motion to File Document Under Seal is

granted, and the remaining motions are denied.

I.        **Background**

          This matter principally concerns real property located at 6 Appletree Drive, South

Portland, Maine ("the Property"). On or about February 28, 2017, Bartlett and Morrison

purchased the Property together by virtue of a deed recorded in the Cumberland County

Registry of Deeds at Book 33861. There is a single-family home on the Property. In

REC'D CUMB CLERKS OFC
DEC 8 '21 AM9:34

September 2019, Morrison demanded that Bartlett leave the Property. Morrison has excluded Bartlett from the Property ever since.

Bartlett brought the Complaint in this matter on January 10, 2020, alleging three counts: Count I, Action to Partition; Count II, Unjust Enrichment; and Count III, Conversion. Morrison answered the Complaint on February 19, 2020, and filed a counterclaim against Plaintiff and Third-Party Defendant Oak Hill Cleaners, Inc. ("Oak Hill"). Bartlett moved for summary judgment on Counts I and II of his Complaint. Simultaneously, Bartlett and Oak Hill moved for summary judgment on all counts of Morrison's counterclaim. Morrison, who was unrepresented at the time, failed to oppose the Motion. The Court, by Order dated July 2, 2021, granted summary judgment as to: Count I, Action to Partition, pending further proceedings to determine the appropriate distribution of sale proceeds; Counterclaim Count I as to Bartlett in the entirety and as to Oak Hill for all claims prior to February 19, 2014; and Counterclaim Count III as to any mortgages or tax liens encumbering the Property. The Court entered summary judgment against Bartlett as to Count II.

## II. Discussion

Several motions are pending before the Court. The Court will address each in turn.

### A. Bartlett's Motion to File Documents Under Seal

Bartlett seeks to file the following documents under seal: (1) the Exclusive Right to Sell Listing Agreement with Portside Real Estate Group, and (2) the Confidential Agreement on Adjustments to the listing price. Morrison does not object to Bartlett's Motion to File Documents Under Seal.

Maine Rule of Civil Procedure 79(b)(1) provides: "Upon the filing of a motion or other request to impound or seal documents or other materials, the clerk shall separate

such materials from the publicly available file and keep them impounded or sealed pending the court's adjudication of the motion." The public right to access court documents is a "crucial principle" which must guide review of requests to seal documents. *Carey v. Me. Bd. of Overseers of the Bar*, 2018 ME 73, ¶ 12, 186 A.3d 848. Therefore, the general principle of public access is only overcome when subject to "countervailing interests [that] heavily outweigh the public interests in access." *Id.* ¶ 11 (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)).

Bartlett has neither asserted nor demonstrated a sufficiently strong confidentiality interest to overcome the presumption of public access. Accordingly, the Court denies Bartlett's Motion to Seal.

### B. Morrison's Motion to File Documents Under Seal

Morrison has moved to file under seal an Affidavit of Benjamin Bean, on the grounds that the Affidavit consists of Morrison's confidential medical information. Bartlett and Oak Hill do not object to Morrison's Motion to File Document Under Seal. Private medical information is often entitled to confidentiality, particularly where the specific information in question has not been put in issue in the litigation. Morrison's medical history is not in issue in the litigation, and her privacy interests in the information heavily outweigh the public's interest in access. Accordingly, the Court grants Morrison's Motion to File Document Under Seal.

### C. Morrison's Rule 60(b) Motion to Amend Order

Morrison moves pursuant to Maine Rule of Civil Procedure 60(b) to amend the Court's July 2, 2021 Order on Bartlett's Motion for Summary Judgment on grounds of mistake.[1] M.R. Civ. P. 60(b) provides:

---

[1] Bartlett does not oppose Morrison's Motion to Amend.

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Rule 60(b) "presupposes that a party has performed his duty to take legal steps to protect his own interests in the original litigation." *McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d 924. Moreover, Rule 60(b) is not intended as an alternative method of appeal. *Kolmosky v. Kolmosky*, 631 A.2d 419, 421 (Me. 1993).

Morrison failed to oppose Bartlett's Motion for Summary Judgment and thereby waived any objection to the motion. *See* M.R. Civ. P. 7(c)(3); *McKeen & Assocs.*, 1997 ME 73, ¶ 4, 692 A.2d 924. While Morrison was unrepresented at the time, pro se litigants are held to the same standards as represented parties. *Dep't of Envtl. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295.

The mistake that Morrison argues justifies amendment of the Court's Order pursuant to Rule 60(b) is the Order's misidentification of Morrison and Bartlett as joint tenants, rather than tenants in common. Morrison argues that Bartlett's Statement of Material Fact to that effect was not properly supported because the deed which Bartlett's Motion refers to declares the parties to be tenants in common. Thus, Morrison argues that the Court's Order includes an error that should be amended.

However, Rule 60(b) is not designed to amend errors in orders. Rather, Rule 60(b) is meant to allow the Court to relieve a party from the operation of a judgment because of the party's excusable mistake or neglect, or any other reason justifying relief. Morrison does not assert excusable mistake on her own part. The grounds for Morrison's Motion and the relief sought are better suited to a motion made pursuant to Rule 59(e). Accordingly, the Court will treat Morrison's Motion as a motion made pursuant to Rule 59(e).

M.R. Civ. P. 59(e) provides: "A motion to alter or amend the judgment shall be filed not later than 14 days after entry of the judgment. A motion for reconsideration of the judgment shall be treated as a motion to alter or amend the judgment." The Court's Order is dated July 2, 2021. Morrison's Motion was filed September 22, 2021. By any counting of time, the fourteen-day deadline had long since passed by the time Morrison filed her Motion. Accordingly, the Court must deny the Motion as untimely.

## D. Bartlett's Motion to Authorize Listing and Sale of the Premises

The Court has granted summary judgment for Bartlett on Count I, Action to Partition, pending further proceedings to determine the appropriate distribution of sale proceeds. Bartlett now requests that the Court authorize listing and sale of the Property in accordance with the terms of the Exclusive Right to Sell Listing Agreement with Portside Real Estate Group and the Confidential Agreement on Adjustments, attached as Exhibits A and B to Bartlett's Motion to File Documents Under Seal.

An order authorizing the listing and sale of the Property would be premature at this stage in the litigation. As stated in the Court's Order on Bartlett's Partial Motion for Summary Judgment, the Court has yet to determine—or even hear argument on—the equitable allocation of the proceeds of a sale. Even more importantly, there is no evidence on the record from which the Court may determine the reasonableness of the listing price

proposed in the Listing Agreement. Bartlett's suggestion that the proceeds be escrowed pending a determination of their allocation may assuage the first concern. However, the Court is unwilling to authorize listing the Property at a certain price over Morrison's objection without hearing evidence and argument about the reasonableness of the price. Accordingly, the Court denies Bartlett's Motion to Authorize Listing and Sale of the Premises.

### E. Morrison's Motion to Stay Pending Litigation

On October 5, 2021, Morrison filed a Motion to Stay Pending Litigation for Thirty Days. Because more than thirty days from the date of Morrison's filing have passed as of the date of this Order, the Court denies the Motion as moot.

### III. Conclusion

The entry is:

1. Bartlett's Motion to File Documents Under Seal is DENIED.

2. Morrison's Motion to File Document Under Seal is GRANTED.

3. Morrison's Rule 60(b) Motion to Amend Order on Unopposed Motion for Summary Judgment is DENIED.

4. Bartlett's Motion to Authorize Listing and Sale of the Premises is DENIED.

5. Morrison's Motion to Stay Pending Litigation is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __12/8/2021__

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 12/08/2021

STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. RE-20-4


TRAVIS BARTLETT,

        Plaintiff/Counterclaim
        Defendant

        v.

LEAH MORRISON,                              ORDER ON UNOPPOSED MOTION
                                            FOR SUMMARY JUDGMENT
        Defendant/Counterclaim
        Plaintiff

        v.

OAK HILL CLEANERS, INC.,

        Third-Party Defendant

The matter before the court is Plaintiff Travis Bartlett ("Plaintiff") and Third-Party

Defendant Oak Hill Cleaners, Inc.'s ("Third-Party Defendant") Motion for Partial Summary

Judgment. Defendant Leah Morrison ("Defendant") has not filed an opposition to the motion. For

the following reasons, the motion will be granted in part and denied in part.

## I. Background

This dispute principally concerns a piece of property located at 6 Appletree Drive, South

Portland, Maine (the "property"). (Supp.'g S.M.F. ¶ 1.) On or about February 28, 2017, Plaintiff

and Defendant purchased the property by virtue of a deed recorded in the Cumberland County

Registry of Deeds at Book 33861, Page 1. (*Id.*) There is a two-story single-family home on the

property. (*Id.* ¶ 3.) Plaintiff and Defendant own the property as joint tenants. (*Id.* ¶ 2.)

Plaintiff and Defendant have never been married. (*Id.* ¶ 4.) In September 2019, Defendant

demanded that Plaintiff leave the property. (*Id.* ¶ 5.) Defendant has since excluded Plaintiff from

1

the property and has taken it for her exclusive use and possession. (*Id.* ¶ 6.) On November 1, 2019, Plaintiff signed a lease for a rental property so that he would have a place to live while Defendant claimed exclusive use and possession of the property. (*Id.* ¶ 7.) Defendant refused Plaintiff access to the property and threatened to call the police and obtain a restraining order against him. (*Id.* ¶ 8.)

Plaintiff claims that Defendant has not paid any of the carrying costs of the property, including the mortgage, property insurance and real property taxes. (*Id.* ¶ 11.) Plaintiff claims Defendant has not paid these costs even while she had exclusive possession and control of the property. (*Id.* ¶ 12.) Plaintiff further claims that he paid virtually all of the carrying costs while he lived at the property. (*Id.* ¶ 13.) The parties agree it is not possible to physically partition the property. (*Id.* ¶ 14.)

Plaintiff brought a complaint against Defendant on January 10, 2020, alleging 3 counts: Count I, Action to Partition; Count II, Unjust Enrichment; and Count III, Conversion. Defendant answered on February 19, 2020, and filed a counterclaim against Plaintiff and Third-Party Defendant that alleged 3 counts: Count I, Violation of 26 M.R.S. § 626; Count II, Conversion; and Count III, Unjust Enrichment.

Defendant alleges that she worked for Third-Party Defendant, Oak Hill Cleaners, Inc., between September 2010 and September 20, 2019. (Countercl. ¶¶ 12-13.) Plaintiff is Third-Party Defendant's sole owner and shareholder. (*Id.* ¶ 22.) Defendant alleges that Oak Hill did not pay her regularly for her labor, did not pay her a minimum hourly wage and claims that she is owed $124,693 in back wages. (*Id.* ¶¶ 16, 18, 47-50.) Defendant further alleges that Plaintiff forged endorsements on checks payable to jointly to Plaintiff and Defendant and used them for personal expenses and business expenses on behalf of Third-Party Defendant. (*Id.* ¶¶ 53-56.) Defendant

2

alleges that she contributed $50,000 towards the purchase price of the property whereas Plaintiff contributed no up-front funds. (*Id.* ¶¶ 59-60.) Defendant alleges that Plaintiff took out a second mortgage on the property and used the funds to purchase a motorcycle for himself, failed to make mortgage payments and caused tax liens to encumber the property. (*Id.* ¶¶ 62-65.) Defendant alleges that she attempted to make mortgage payments herself, but was unable to because she is not on the promissory note. (*Id.* ¶ 66.)

## II. Standard of Review

A party is entitled to summary judgment when a review of the parties' statements of material facts and the record to which the statements refer demonstrate that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

Properly supported statements of material fact are deemed admitted if the opposing party fails to properly controvert them. M.R. Civ. P. 56(h)(4); *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 18, 864 A.2d 169. "Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

## III. Discussion

Plaintiff moves for Summary Judgment on Counts I and II of his complaint. Plaintiff and Third-Party Defendant both move for Summary Judgment as to all of the counts in Defendant's

3

counterclaim. The motion is unopposed, so the court will accept all properly supported statements of material fact as admitted.

## A. Count I: Action to Partition

Joint owners of real estate may obtain a judgment for partition through the equity jurisdiction of the Superior Court. *Libby v. Lorrain*, 430 A.2d 37, 39 (Me. 1981). The court will order sale and division of the proceeds "where physical division is impractical or would materially injure the rights of the parties." *Id.* The court has broad and flexible equitable powers to balance the competing interests of common landowners in an action for partition. *Withee v. Garnett*, 1998 ME 30, ¶ 4, 705 A.2d 1119.

Partition is appropriate here. Plaintiff's unopposed statement of material facts establishes through properly supported statements that Plaintiff and Defendant are joint owners of the property. Defendant has not objected to partition of the property. The property cannot be practically physically divided because it is a single-family home. Therefore, sale of the property and division of the proceeds is the most appropriate remedy.

Plaintiff additionally requests that the court award him the unpaid carrying costs associated with the property from September 2019, when Defendant demanded he leave, to the present. (Mot. at 4.) As of May 11, 2021, Plaintiff claims that these costs amount to $44,091.32. This figure is derived solely from Plaintiff's affidavit, with no supporting documentation showing the actual breakdown of the carrying costs for the property. Plaintiff's affidavit is not "evidence that is of a quality as would be admissible at trial" to establish the contents of the financial statements, such as mortgage statements, taxes, and other relevant documentation, that show the carrying costs for the property over the relevant period. *Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815. The best evidence rule requires that "[a]n original writing, recording, or photograph is

4

required in order to prove its content unless these rules or a statute provides otherwise." M.R. Evid. 1002. Therefore, Plaintiff's assertion that there are $44,091.32 in damages is not properly supported and cannot be considered.

The court is not able to properly weigh the equities at this time. This is especially true where defendant is currently unrepresented and has not presented evidence of the allegations in her complaint yet, which include, among other things, a claim that she was unable to make payments on the mortgage because she was not listed on the promissory note. (Countercl. ¶ 66.) Summary judgment will be granted as to partition and sale, but the division of proceeds from that eventual sale requires a hearing where the court may hear from both parties on the equities.

## B. Count II: Unjust Enrichment

Plaintiff argues that he has a claim for unjust enrichment because Defendant excluded him from the property starting in September 2019. (Mot. at 5-6.) Specifically, Plaintiff seeks reimbursement for what he alleges are his rental costs for September 2019 through the April 2021.

> To prevail on a claim for unjust enrichment, the complaining party must show that:
>
> (1) it conferred a benefit on the other party;
>
> (2) the other party had appreciation or knowledge of the benefit; and
>
> (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.

*Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 12, 161 A.2d 696 (quoting *Maine Eye Care Assocs., P.A. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707. Co-owners of real estate in joint tenancy both enjoy the right to occupy the whole of the property they co-own. *See Smith v. Libby*, 122 Me. 156, 119 A. 195 (1922). Defendant was already within her rights to occupy the

5

whole property before she demanded Plaintiff leave the property. Therefore, Plaintiff did not

confer any additional benefit on Defendant by acquiescing to Defendant's demand that he leave.

"Summary judgment, when appropriate, may be rendered against the moving party."

M.R. Civ. P. 56(c). There is no genuine issue of material fact as to Plaintiff's claim of unjust

enrichment, so summary judgment will be rendered against plaintiff on Count II.

## C. Counterclaim Count I: Violation of 26 M.R.S. § 626

Defendant alleges a violation of 26 M.R.S. § 626, which provides:

> An employee leaving employment must be paid in full no later than the
> employee's next established payday. Any overcompensation may be withheld if
> authorized under section 635 and any loan or advance against future earnings or
> wages may be deducted if evidenced by a statement in writing signed by the
> employee. Whenever the terms of employment or the employer's established
> practice includes provisions for paid vacations, vacation pay on cessation of
> employment has the same status as wages earned.

(2020). Plaintiff's properly supported statements of material fact establish that Third-Party

Defendant, rather than Plaintiff in his personal capacity, was Defendant's employer. There is a

six-year statute of limitations that applies to unpaid wages claims. 14 M.R.S. § 752 (2020).

Defendant filed her counterclaim on February 19, 2020. Summary judgment must be granted as

to Plaintiff, and for all wages predating February 19, 2014.

The record on summary judgment also establishes that there was no written employment

contract between Third-Party Defendant and Defendant. Plaintiff claims that this employment

contract is within the statute of frauds and is therefore unenforceable. Maine's Statute of Frauds

requires any agreement "not to be performed within one year" to be in writing. 33 M.R.S. §

51(5) (2020). While a multi-year employment contract falls within the Statute of Frauds, a

contract of at will employment for an indefinite period of time that is terminable at will by either

party does not. *Popanz v. Peregrine Corp.*, 1998 ME 95, ¶ 5, 710 A.2d 250. The terms of the

6

alleged oral contract are still unclear. Therefore, the possibility remains that Defendant had an oral contract for at will employment for the nine years she worked for Third-Party Defendant.

Plaintiff and Third-Party Defendant argue that they are entitled to summary judgment because Defendant has not come forward with admissible record evidence proving her claim. This is not a statement of fact, it is a legal conclusion. Plaintiff and Third-Party Defendant's attempt to rely on the fact that, to date, Defendant has not produced evidence of her claim. This argument improperly attempts to shift the burden on Summary Judgment to the non-moving party to generate an issue of material fact without first offering their own properly supported statement of fact. Therefore, there remain issues of material fact as to Counterclaim Count I against Third-Party Defendant from February 19, 2014 onwards.

### D. Counterclaim Count II: Conversion

Plaintiff and Third-Party Defendant's sole argument that they are entitled to summary judgment as to Count II of Defendant's counterclaim is that Defendant has failed to produce admissible record evidence establishing the elements of conversion. This argument also fail, as the court discussed above. Accordingly, there remain issues of material fact as to Count II of the Counterclaim.

### E. Counterclaim Count III: Unjust Enrichment

Plaintiff's argument for Summary Judgment as to Count III rests on the same ground, that Defendant has produced no admissible record evidence to support her claim. This argument is also without merit.

Defendant's claim does suffer from a legal deficiency, however. Defendant claims plaintiff was unjustly enriched in two ways, (1) by her contribution of $50,000 to the purchase of the property when Plaintiff contributed no money and (2) by Plaintiff encumbering the property

7

with tax liens and mortgages. To reiterate, to prevail on a claim of unjust enrichment a party must show that:

> (1) it conferred a benefit on the other party;
>
> (2) the other party had appreciation or knowledge of the benefit; and
>
> (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.

*Knope, LLC*, 2017 ME 95, ¶ 12, 161 A.2d 696. Defendant did not confer a benefit on Plaintiff when he encumbered the property. These encumbrances are equities growing out of the joint tenancy relationship, which may be considered when the court determines how to divide the sale proceeds. *See Libby*, 430 A.2d at 40. On the other hand, Defendant's alleged contribution to the purchase of the property is not a proper item to be considered during partition. *Kelley v. Richardson*, No: RE-17-97, 2019 Me. Super. LEXIS 76, at *8 (June 17, 2019); *see also Boulette v. Boulette*, 627 A.2d 1017 (Me. 1993) ("Contributions of the parties to the property prior to the joint tenancy, however, are not equities growing out of the joint tenancy relationship."). Defendant's alleged contribution to the purchase price of the property could constitute a benefit she conferred on Plaintiff. There also remain issues of material fact as to whether Plaintiff had appreciation or knowledge of this benefit and whether it would be inequitable to allow him to retain the benefit without payment of its value.

8

The entry is

> Plaintiff Travis Bartlett and Third-Party Defendant Oak Hill Cleaners, Inc.'s Motion for Summary Judgment is GRANTED as to:
>
> (1) Count I: Action to Partition, pending further proceedings to determine the appropriate distribution of sale proceeds;
>
> (2) Counterclaim Count I as to Plaintiff Travis Bartlett in the entirety and as to Third-Party Defendant Oak Hill Cleaners for all claims prior to February 19, 2014; and
>
> (3) Counterclaim Count III as to any mortgages or tax liens encumbering the property.
>
> Summary judgment shall be entered against Plaintiff Travis Bartlett as to Count II.
>
> The motion for summary judgment is DENIED as to the remaining claims.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date:   July 1, 2021

Mary Gay Kennedy
Justice, Superior Court