STATE OF MAINE
CUMBERLAND, ss.

QUEEN F. BAOWAMIOTON,

　　　　Plaintiff,

　　v.

KAREN COLLINS and SAFE
RESIDENTIAL CARE, LLC,

　　　　Defendants.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-004

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANTS'
MOTION TO DISMISS**

REC'D CUMB CLERKS OFC
MAR 30 '22 PM3:38

Before the Court is Defendants Safe Residential Care, LLC ("SRC") and Karen Collins's Motion to Dismiss Plaintiff Queen Baowamioton's Complaint. Pursuant to M.R. Civ. P. 12(b)(6), Defendants seek a dismissal with prejudice. For the following reasons, the Complaint is dismissed without prejudice. Ms. Baowamioton may file an amended complaint, either pro se or through an attorney.

In her Complaint and the Summons, Ms. Baowamioton indicated that she has had difficulty finding an attorney. The Court must express at the outset that it is unable to assist Ms. Baowamioton in retaining counsel because this is a civil action.

I.　**Background**

On January 4, 2022, Ms. Baowamioton filed her Complaint, titled "Notice of Amended Complaint," pro se.[1] The Court is unable to understand significant portions of the Complaint. As far as the Court can discern, the essence of Ms. Baowamioton's allegations against the Defendants may be summarized as follows. On January 3, 2020,

---

[1] This is the only version of the Complaint of which the Court is in receipt. The Court will consider it as an original, not amended, complaint.

Ms. Baowamioton was hired by SRC. Another employee, Cristiano Makaba, asked Ms. Baowamioton on a date and sent her pornographic images and videos on at least two occasions. Ms. Baowamioton attempted to report the conduct to her employer by leaving a voicemail message at an unspecified number, but she received no response. On February 16, 2020, Mr. Makaba sexually assaulted Ms. Baowamioton while she was at work. Immediately after the assault, Ms. Baowamioton called one of the owners of SRC, identified as "Felix," who provided her with the on-call number for SRC. She called the on-call number provided, but no one answered.

After the assault, SRC assigned Ms. Baowamioton to a different work location. An employee of SRC told Ms. Baowamioton that Mr. Makaba had previously assaulted another woman at a prior place of employment. Ms. Baowamioton claims: "Since [Mr. Makaba] was hired by the defendants, this constitutes negligence by the defendants...[i]n employing him as a caregiver." Ms. Baowamioton alleges that she was eventually terminated by SRC after receiving a warning about her performance. The timing and circumstances of the termination are otherwise unclear.

As Defendants emphasize, the Complaint does not indicate whether Ms. Baowamioton timely filed a complaint with the Maine Human Rights Commission and satisfied the requirements of 5 M.R.S. § 4622 to bring civil suit for attorney's fees and damages under the Maine Human Rights Act. The Complaint mentions the Equal Employment Opportunity Commission, but the Court is unable to discern the context of the reference. The Complaint alleges that Ms. Baowamioton "did win the Maine Work[ers'] Compensation case," but the case referenced appears to arise from a different incident. Finally, the Complaint states that a previous case was dismissed for Ms. Baowamioton's failure to respond, but it is not clear whether this refers to a civil action or an administrative action.

The Complaint also makes many allegations against other individuals not named as defendants in this action, seemingly arising from different series of events. The Complaint makes no clear demand for relief. Near the conclusion, it states: "I am not going to continue with this, however, the threats must cease . . . ." The Court is unable to discern the meaning of this statement.

Defendants move to dismiss the Complaint for failure to state a claim. Ms. Baowamioton did not timely oppose the Motion to Dismiss, and thereby waived any objection to it. *See* M.R. Civ. P. 7(c)(3); *McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d 924.

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). Accordingly, the court must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123.

"Modern notice pleading practice requires a short and plain statement of the claim to provide fair notice of the cause of action, but use of any particular magic words are not required to state a particular claim." *Town of Stonington v. Galilean Gospel Temple*, 1999 ME 2, ¶ 14, 722 A.2d 1269 (quotation marks and citation omitted); *see* M.R. Civ. P. 8(a)(1). The court must construe the complaint in the light most favorable to the plaintiff and in the interest of substantial justice. M.R. Civ. P. 8(f); *Chiappetta v. LeBlond*, 505 A.2d 783 (Me. 1986)). Although this standard is forgiving, the complaint must still "describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Howe v. MMG Ins. Co.*, 2014 ME 78, ¶

9, 95 A.3d 79; *see Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*, 2021 ME 24, ¶ 3, 250 A.3d 122.

## III.   Discussion

Defendants call attention to the Complaint's noncompliance with several components of M.R. Civ. P. 8 and M.R. Civ. P. 10. The Complaint is not set out in numbered paragraphs or separate counts, nor does it include any clear demand for relief or judgment. These deficiencies are not, standing alone, sufficient grounds for dismissal. *See Uotinen v. Hall*, 636 A.2d 991, 992 (Me. 1994) ("Particularly where, as here, the defendants are put on notice of the claim against them, the failure to separately number paragraphs is an insufficient ground to justify dismissal.")

The Complaint makes no allegations against Ms. Collins in her individual capacity. When read favorably to Ms. Baowamioton, some allegations in the Complaint suggest potential claims against SRC, such as sexual harassment, employment discrimination, and a claim for injuries that may be compensable under the Worker's Compensation Act. *See Cole v. Chandler*, 2000 ME 104, ¶¶ 11-15, 752 A.2d 1189 (explaining that injuries caused by sexual assault or sexual harassment and arising out of and in the course of employment may be compensable under the Worker's Compensation Act). However, several series of events are described, some of which involve nonparties, and significant portions of the Complaint are unintelligible. It is entirely unclear to the Court which claims Ms. Baowamioton seeks to pursue in this action (as opposed to other civil and administrative actions referenced in the Complaint) and what relief or judgment she seeks from this Court. Meaningful review of the substance of the Complaint is not possible.

Unrepresented parties are subject to the same standards as parties represented by counsel, particularly "in areas so fundamental as . . . the statement of a claim." *Uotinen v.*

*Hall*, 636 A. 2d 991, 992 (Me. 1994). In the interests of fair notice to Defendants and judicial economy, the Court dismisses the Complaint. However, because dismissal is necessitated primarily by procedural defects rather than the merits of claims Ms. Baowamioton may bring, the dismissal will be without prejudice. *See Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639. Ms. Baowamioton may file an amended complaint, either pro se or through an attorney, but she must comply with the Maine Rules of Civil Procedure.

## IV.    Conclusion

For the foregoing reasons, the Court dismisses the Complaint without prejudice.

The entry is:

Defendants' Motion to Dismiss is GRANTED in part. The Complaint, titled "Notice of Amended Complaint," is DISMISSED without prejudice.

The Clerk is directed to incorporate this Order and Judgment into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___3/30/2022___

_____
MaryGay Kennedy, Justice
Maine Superior Court